413 So.2d 1173 (1982)
Wardell RILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 49666.
Supreme Court of Florida.
April 1, 1982.
Rehearing Denied June 7, 1982.
*1174 Bennett H. Brummer, Public Defender and Karen M. Gottlieb and Elliot H. Scherker, Asst. Public Defenders, Eleventh Judicial Circuit, Miami, for appellant.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr. and David P. Gauldin, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Wardell Riley appeals his sentence of death which was imposed after remand by this Court for reconsideration of imposition of the death sentence. Finding no reversible error, we affirm the sentence of death.
For the purpose of robbing his place of employment, Riley and another entered the business establishment of Riley's employers and shot three persons, killing two of them. The third survived and testified to Riley's participation in the crimes. At the sentencing hearing, neither the State nor the defense presented any additional evidence than what had already been presented to the jury and received in evidence. Rather, the prosecutor argued the existence of certain aggravating factors while the defense argued the existence of mitigating factors and the barbarism of imposing the death sentence. No objection was made by defense counsel to the State's argument. The jury recommended that Riley receive a sentence of death for one of the murders and a sentence of life for the other murder. Finding six aggravating factors and one mitigating, the trial court sentenced Riley in accordance with the jury's recommendations. It additionally imposed a fifteen-year sentence for felonious assault of the third person who was shot but who did not die.
On appeal, we affirmed the convictions as well as Riley's life and fifteen-year sentences, but we vacated the death sentence and remanded for resentencing by the trial judge because he had erroneously considered two nonstatutory aggravating circumstances (no showing of remorse and the length of premeditation), because he had erroneously determined that the murder was heinous and cruel, and because he had improperly doubled up the aggravating circumstances of for pecuniary gain and during the course of a robbery. We held that the latter circumstances should be treated as one aggravating circumstance and that the court properly found as an aggravating circumstance that the murder was committed to eliminate a witness and thereby avoid lawful arrest. Riley v. State, 366 So.2d 19 (Fla. 1978).
Upon remand and after an additional sentencing hearing, the trial judge again imposed the sentence of death. He found as aggravating circumstances that (1) the murder was committed while Riley was engaged in the commission of a robbery and was committed for pecuniary gain and (2) the murder was committed to avoid or prevent a lawful arrest. In mitigation, he found that Riley had no significant history of prior criminal activity.
Riley challenges his death sentence on three bases. First, he argues that the jury's recommendation which is entitled to great weight was tainted by its consideration of improper aggravating circumstances. His argument is premised on the fact that the prosecutor in the sentencing phase of the trial urged the jury to find several delineated aggravating circumstances, some of which were nonstatutory. No objection was made by defense counsel to these remarks by the prosecuting attorney during the first sentencing hearing, however. Furthermore, Riley failed to make this argument to this Court in his first appeal. When we remanded for reconsideration of the sentence by the trial judge, Riley again failed to make this argument in his petition for rehearing. During the resentencing procedure, Riley never argued to the trial court that the jury's recommendation may have been tainted. Riley cannot now raise this point on appeal.
Moreover, even if this issue was properly before us, we would find that Riley has failed to demonstrate that the jury's recommendation was tainted. There is no question that the jury was properly instructed at the sentencing hearing, and just *1175 because the jury was urged by the prosecutor to find certain aggravating circumstances does not establish that the jury's recommendation was tainted. The record does not reveal that the jury based its recommendation on improper considerations.
We reject Riley's contention that the trial judge failed to consider certain evidence introduced by Riley during the resentencing proceeding to demonstrate nonstatutory mitigating factors. The trial judge expressly stated that he considered all the testimony and evidence presented. Furthermore, there is no indication from the record that he limited his consideration of mitigating factors to only those which are statutorily enumerated. Because he failed to find the mitigating factors which Riley urged does not mean that he did not consider the evidence. It lies within his province to decide whether a particular mitigating circumstance in sentencing is proven and the weight to be given it. Smith v. State, 407 So.2d 894 (Fla. 1981); Lucas v. State, 376 So.2d 1149 (Fla. 1979). Here, we find no error in his decision.
Finally, we find no merit to Riley's argument that to impose a sentence of death upon him would violate the eighth and fourteenth amendments of the federal constitution. This argument is premised for the most part on his preceding arguments and on the additional ground that a crucial factor in mitigation here is the possibility of his innocence.
Having reviewed the entire record, we find that the trial judge properly imposed the sentence of death, and we affirm.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents: I would reduce penalty to life imprisonment.