422 So.2d 827 (1982)
Ronald STRAIGHT, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
Ronald STRAIGHT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 62168, 62182.
Supreme Court of Florida.
September 14, 1982.
Rehearing Denied December 27, 1982.
*829 Raymond E. Makowski, Jacksonville, and Steven L. Seliger, Quincy, for petitioner/appellant.
Jim Smith, Atty. Gen., and David P. Gauldin and Carolyn M. Snurkowski, Asst. Attys. Gen., Tallahassee, for respondent/appellee.
PER CURIAM.
These consolidated cases are before the Court on petition for a writ of habeas corpus and on appeal from a circuit court order denying postconviction relief under Rule of Criminal Procedure 3.850. Petitioner-appellant is a state prisoner under sentence of death. We deny the petition for a writ of habeas corpus and affirm the denial of the Rule 3.850 motion. The previously entered temporary stay of execution has already expired.
Petitioner-appellant was convicted of murder in the first degree and was sentenced to death. The judgment and sentence were affirmed on appeal. Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). Petitioner-appellant recently moved the trial court in which he was convicted and sentenced for an order vacating, setting aside, or correcting the judgment and sentence. The trial court held an evidentiary hearing and denied the motion. Petitioner-appellant appealed. Meanwhile, he also filed a petition for a writ of habeas corpus in this Court. We granted a temporary stay of execution and consolidated the cases for consideration and disposition in this single opinion.

Habeas Corpus Petition
First, petitioner argues that he was deprived of a full and meaningful appeal due to ineffective representation provided by his appellate counsel. He identifies several instances where appellate counsel did not raise or brief issues which may have had merit, and contends that the failure to brief non-frivolous issues constitutes ineffective representation.
The first omission petitioner identifies is the failure of appellate counsel to *830 argue that the trial court had expressly restricted the jury to consideration of statutory mitigating circumstances. The instruction given to the jury, petitioner points out, tracked the language of section 921.141(6), Florida Statutes (1975), and therefore, he argues, failed to apprise the jury of its right and duty to consider any factor in mitigation shown by the evidence. Petitioner argues further that there were nonstatutory mitigating circumstances which the jury could have considered had it not been limited by the court's instructions. The statute and the instructions given comported with due process and the Eighth Amendment. See Peek v. State, 395 So.2d 492 (Fla.), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); Songer v. State, 365 So.2d 696 (Fla. 1978) (on rehearing), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979). The contention that the failure of appellate counsel to raise this issue was an omission falling substantially short of the standard expected of competent attorneys is therefore without merit. See Knight v. State, 394 So.2d 997 (Fla. 1981).
Next petitioner argues that appellate counsel was ineffective in that he failed to argue that the trial court had erred in instructing the jury on all the statutory aggravating circumstances rather than just those established by some evidence. It was proper for the judge to instruct on all the statutory aggravating circumstances. For the judge to have instructed only on those factors which she found supported by evidence would have improperly invaded the province of the jury. We therefore find that such omission was not substantially deficient when measured against the standard expected of competent attorneys.
Petitioner argues that his appellate counsel was deficient for not arguing that the trial court had erred in not finding the existence of certain nonstatutory mitigating circumstances. While it might be expected that a reasonably competent attorney would attempt to seek review of a trial court's refusal to find mitigating circumstances, such an attempt would not have affected the outcome of the appeal since it lies within the province of the trial judge to decide whether a particular mitigating circumstance has been established and the weight to be given to it. Riley v. State, 413 So.2d 1173, 1175 (Fla. 1982). Therefore this contention is without merit.
Petitioner argues that his appellate counsel was deficient in that he failed to argue that the trial judge, in imposing sentence, improperly considered the opinions of officers familiar with the case on the propriety of the death penalty, as revealed by interviews conducted in the course of preparation of a presentence investigation. Since we have approved the use of such background reports with proper disclosure, there was no error. This omission was not substantially deficient and the point is without merit.
Petitioner argues that his appellate counsel rendered ineffective representation in that he did not argue that the trial judge had given improper double consideration to a circumstance of the crime having relation to two separate statutory aggravating circumstances. We treated the matter in deciding the appeal and found the error harmless. We do not find the omission to have been a substantial deficiency.
All of the asserted deficiencies refer to tactical decisions of appellate counsel. We hold that petitioner has failed to show deficiencies falling substantially below the standard expected of competent counsel which affected the outcome of the appeal.
Second, petitioner argues that this Court erred when it affirmed his sentence of death after concluding that only three of the four statutory aggravating circumstances found by the trial court were proper. Petitioner contends that since the sentencing judge obviously found all four factors applicable when one of them was not, this Court could not reasonably have concluded that the sentencer would have reached the same conclusion had it known that one of the factors was invalid. Our holding on this issue when it arose on the *831 original appeal was grounded on controlling precedent. Petitioner's present attack on our previous decision is without merit.
Third, petitioner argues that this Court's earlier affirmance of the sentence of death gave implicit approval to the trial court's reliance on nonstatutory aggravating circumstances. Petitioner argues that the trial judge considered opinions reported in a presentence investigation as to the propriety of a sentence of death in petitioner's case. As was stated above, we have approved the use of presentence investigations in capital sentencing knowing that they frequently contain reports of opinions of persons familiar with an offender. This point is without merit.
All points raised in the petition for habeas corpus are without merit.

Rule 3.850 Appeal
Appellant argues that the imposition of the sentence of death upon him was violative of the Eighth and Fourteenth Amendments to the United States Constitution in that the instructions to the jury had the effect of restricting mitigating considerations to the statutory mitigating circumstances. Appellant cites Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), for the proposition that such restrictive instructions may render a death sentence violative of the Eighth Amendment.
As we stated above in responding to the argument on ineffective appellate counsel, this contention is without merit. Our capital felony sentencing law and jury instructions based thereon do not limit consideration to statutory mitigating circumstances. See Peek v. State, 395 So.2d 492 (Fla.), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); Songer v. State, 365 So.2d 696 (Fla. 1978) (on rehearing), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).
Appellant argues that the court below should have set aside the judgment and sentence on the ground that he received ineffective assistance of counsel at both the guilt and the sentencing portions of his trial. Appellant calls our attention to several actions taken by trial counsel that are now said to have been omissions constituting substantial deficiencies.
Appellant argues that his trial counsel failed to fully participate in examining prospective jurors for the purpose of determining their qualifications in light of their attitudes toward capital punishment, and that this failure led to the exclusion of prospective jurors with scruples against the death penalty who could have served if trial counsel had stepped in to establish their qualifications. In view of the fact, as brought out at the hearing below, that trial counsel was trying to select the most favorable jury possible to try the issue of guilt or innocence, without regard to the views of individual jurors on capital punishment, this argument can be seen as a mere attack on trial counsel's tactical choices. The point is without merit.
Appellant argues that trial counsel failed to object soon enough to the prosecutor's repeated references, during jury selection, to the immunity granted to co-conspirator and state witness Jane Albert. Appellant argues that this omission allowed the prosecutor to suggest to the jury that Albert had been determined by state authorities to be the least culpable of the perpetrators, thus implying that appellant was the most culpable. It was determined below that defense counsel did not object at first because he wanted the jury fully apprised of the immunity agreement, but after repeated references he objected when he felt that the prejudice to his client was beginning to outweigh the advantages. Thus, this contention also is an attack on the tactical choices of defense counsel and is without merit.
Appellant contends that trial counsel rendered ineffective assistance of counsel when he failed to object to the state's cross-examination of appellant. It is argued that the cross-examination questions were objectionable because they were calculated to elicit testimony about appellant's alleged commission of other crimes. It was shown in the court below that defense counsel *832 decided to allow the questions because they gave strength to appellant's alibi defense. Defense counsel wanted to establish that appellant was involved in a narcotics transaction around the time of the murder. The state's questions about drug dealing tended, in defense counsel's judgment, to lend corroboration to this theory. This asserted deficiency also was a matter of trial tactics and the point is without merit.
Appellant contends that his trial counsel failed to investigate for the purpose of developing evidence of mitigating circumstances. Appellant asserts that his lawyer could have developed and presented evidence of an unstable mental condition at the time of the crime, and of appellant's feelings of remorse for the murder. The state responds that at the hearing below it was shown that defense counsel did not argue such mitigating circumstances because he believed them to be, even after the verdict of guilt, fundamentally inconsistent with the entire defense. For example, defense counsel could not offer evidence of remorse because appellant, from the beginning of the case right up to and during the sentencing phase, had always maintained his innocence of the murder to defense counsel. One of the purposes of a bifurcated trial and separate sentencing trial is to allow just such an inconsistent presentation on the question of sentence after guilt has been determined. See Model Penal Code, § 201.6, Comment, at 74-75 (Tent. Draft No. 9, 1959). However, a defendant through counsel may waive the opportunity to make such an inconsistent presentation on the question of sentence after maintaining his innocence at the guilt phase of the trial. For an attorney to take such a position on behalf of his client does not establish that representation was ineffective. Defense counsel viewed evidence of mitigating circumstances as fundamentally damaging to the integrity of his client's case. Therefore, we find this argument to be without merit.
Appellant contends that trial counsel was ineffective when he failed to object to the trial court's instructions to the jury at sentencing, which included all statutory aggravating circumstances. Appellant argues that his lawyer should have objected to instructions on aggravating circumstances other than those upon which some evidence had been presented. This contention is without merit. As was stated above, it is proper to instruct the jury on all the aggravating factors. The jury must decide whether any of them are established by the evidence. For a judge to instruct only on statutory factors he thinks are present would be to invade the province of the jury.
Appellant contends that his trial counsel was deficient when he failed to object to improper aggravating circumstances considered by the trial court. This argument is another attempt to impose a standard, developed through hindsight, upon actions of counsel that were well within the range of reasonable tactical choice available to defense counsel. Trial counsel's viewpoint on this matter was later vindicated when this Court, in considering the appeal, found the doubling-up of robbery and pecuniary gain to be harmless error. Our disposition of the appeal also indicated that there was no improper consideration of nonstatutory aggravating circumstances. Therefore, this point is without merit.
As has already been stated, appellant contends that under Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), the jury instructions at his sentencing trial improperly restricted consideration of mitigation to statutory mitigating circumstances. He argues further that since Lockett had not yet been decided at the time of the sentencing, that decision constitutes a change of the law that should be given retroactive effect, with the result that appellant is entitled to a new sentencing proceeding. As we have already noted; however, the sentencing procedure utilized in appellant's case was not violative of Lockett. Therefore this contention is without merit.
We find no error in the judgment of the court below denying the motion for postconviction relief, and therefore affirm it.
*833 The petition for writ of habeas corpus is denied. The denial of the Rule 3.850 motion is affirmed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
SUNDBERG, J., concurs in result only.