432 So.2d 42 (1983)
James E. HITCHCOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 63667.
Supreme Court of Florida.
May 17, 1983.
Richard L. Jorandby, Public Defender; Craig S. Barnard, Chief Asst. Public Defender; and Richard H. Burr, III and Richard B. Greene, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen. and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Hitchcock appeals the trial court's denial of his motion to vacate judgment and sentence and applies to this Court for a stay of execution.
*43 In 1977 a jury convicted Hitchcock of first-degree murder, and the trial court sentenced him to death. We affirmed both the conviction and sentence. Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982). On April 21, 1983 Governor Graham denied clemency and signed Hitchcock's death warrant, thereby prompting the motion to vacate and this appeal.
In his Florida Rule of Criminal Procedure 3.850 motion to vacate Hitchcock alleged that his death sentence violates his 6th, 8th, and 14th amendment rights because: 1) the then-current state of the law prevented his trial counsel from presenting nonstatutory mitigating evidence at his sentencing proceeding; and 2) the death penalty statute fails to channel jury discretion and permits the interjection of irrelevant factors into the sentencing process. Responding to this motion, the state argued, both in writing and orally to the trial court, that the instant claims are legally unsound, are affirmatively negated by the record, and could have been, should have been, or were raised in Hitchcock's appeal.[1] After hearing both sides' arguments, the trial court agreed with the state and denied the motion to vacate without an evidentiary hearing. Hitchcock then appealed to this Court, claiming that the trial court erred in denying his motion and repeating the allegations contained in that motion.
The motion and record in this case conclusively show that Hitchcock is not entitled to the relief sought. The trial court, therefore, was justified in not granting an evidentiary hearing. Muhammad v. State, 426 So.2d 533 (Fla. 1982).
We agree with the state that the first claim, i.e., that the operation of law rendered Hitchcock's trial counsel ineffective, is a deprivation of due process claim scantily clothed as ineffective assistance of counsel.[2] On direct appeal Hitchcock's counsel argued that presentation and consideration of mitigating evidence had been improperly limited and cited both Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and Cooper v. State, 336 So.2d 1133 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977). In response the state relied on Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979). Hitchcock's witness at sentencing testified to Hitchcock's past life and behavior, and trial counsel argued this evidence to the jury. The record conclusively demonstrates, therefore, that the limitation on mitigating evidence issue has been raised previously, has been fully considered, and has been found to be without merit. We now find nothing to indicate that Hitchcock's counsel was ineffective and hold that the test set out in Knight v. State, 394 So.2d 997 (Fla. 1981), has not been met. We further reiterate that the death penalty was constitutionally imposed in this case.
One of the motion's issues cites statistics from a twenty-one-county study on imposition of the death penalty in Florida in support of the claim that the death penalty has been imposed in an arbitrary, capricious, and irrational manner. In Henry *44 v. State, 377 So.2d 692 (Fla. 1979), we held that such a claim could properly be raised in a post-conviction proceeding. In Thomas v. State, 421 So.2d 160 (Fla. 1982), however, we held that the statistics from this same study for Polk County did not constitute a sufficient preliminary basis to state a cognizable claim. Hitchcock has cited the statistics for Orange, rather than Polk, County, but we again find the allegations inadequately supported.
We find the remainder of the issues to be without merit or to have been decided adversely to Hitchcock previous to this appeal,[3] notwithstanding the fact that they could have been raised on direct appeal.
We affirm the trial court's denial of the motion to vacate and rescind the stay of execution granted pending resolution of this appeal.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., concurs with an opinion with which OVERTON, J., concurs.
McDONALD, Justice, concurring.
In the original appeal in this case I dissented from the approval of the death sentence. A majority of this Court found it to be appropriate. My disagreement with Hitchcock's penalty was predicated on the facts and circumstances of the case coupled with my view of Hitchcock's and other death sentences. Notwithstanding my continuing belief that the death penalty is inappropriate for Hitchcock, I join in the denial of post-trial relief.
The case was fairly and vigorously prosecuted and defended. The jury was adequately instructed. The record refutes the contention that Hitchcock was deprived of presentation or consideration of nonstatutory mitigating circumstances. His counsel both presented and argued nonstatutory mitigating circumstances. This belies the assertion that said counsel was in doubt as to the applicability of such evidence and that Hitchcock's trial was constitutionally infirm.
Florida's death penalty is constitutional, and can be constitutionally applied, both now and in trials conducted in all prior years. I am firmly convinced that Hitchcock's penalty was legally imposed and that he has been provided his full constitutional rights.[*] I therefore concur in the affirmance of the trial judge's order denying relief.
OVERTON, J., concurs.
NOTES
[1] "Collateral relief proceedings may not be used as a vehicle to raise, for the first time, issues that the petitioner could have raised during the initial appeal on the merits, nor may they be used to retry issues previously litigated on direct appeal." Thompson v. State, 410 So.2d 500 (Fla. 1982).
[2] Although Hitchcock attempts to make his first issue cognizable through a nebulous due process/effectiveness of counsel claim, that claim is in reality no different from the one advanced in Armstrong v. State, 429 So.2d 287 (Fla. 1983), where we stated:

Appellant contends that the capital felony sentencing law in effect at the time of the trial and the instructions to the jury regarding sentencing improperly limited mitigating considerations to the circumstances listed in the statute in violation of Lockett v. Ohio, 438 U.S. 586 [98 S.Ct. 2954, 57 L.Ed.2d 973] (1978). This issue, like the others already mentioned, could have been raised on direct appeal and therefore is not a proper subject for collateral attack of appellant's sentence.
Id. at 289. Hitchcock's attempt to distinguish Armstrong is unavailing because the instant claim boils down to merely another Lockett challenge.
[3] The claim that the current standard jury instructions (which require instructing only on those lesser degrees of homicide supported by the evidence and which is similar to the instruction upheld in Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982)) makes the former jury instruction arbitrary because of unchannelled jury discretion does not meet the test set out in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), for providing relief because of a change in the law. Instructing on all of the statutory aggravating circumstances has been upheld previously in Straight v. Wainwright, 422 So.2d 827 (Fla. 1982). Finally, the claim that Rose v. State, 425 So.2d 521 (Fla. 1982), has invalidated the standard jury instruction regarding the vote needed to make a recommendation as to death or life imprisonment misconstrues Rose, in which we found giving an "Allen" charge to the jury during deliberation over sentence to have been unwarranted.
[*] I see no other argument worth discussing.