433 So.2d 976 (1983)
Wardell RILEY, Appellant,
v.
STATE of Florida, Appellee.
Wardell RILEY, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
Wardell RILEY, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 63750, 63730 and 63749.
Supreme Court of Florida.
June 3, 1983.
*977 Richard H. Frank and Richard T. Donelan, Jr. of the Law Offices of Frank & Kelly, Tampa, Robert W. Pope of the Law Offices of Robert W. Pope, St. Petersburg, for appellant/petitioner.
*978 Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., Miami, for appellee/respondent.
PER CURIAM.
Wardell Riley appeals the trial court's denial of his motion to vacate his judgment and sentence. He also has filed a petition for writ of habeas corpus, a petition for leave to apply for a writ of error coram nobis, and a motion for stay. Finding that Riley's claims are without merit, we affirm the trial court's denial of the motion to vacate, and we deny the petition for writ of habeas corpus and the petition for leave to apply for writ of error coram nobis. We also deny the motion for stay.
Riley was convicted of two counts of first-degree murder and one count of assault with intent to commit first-degree murder. After an advisory recommendation of death as to the first count of murder charged in the indictment and life as to the second count, the trial court sentenced Riley to death by electrocution for the murder of Peter Enea, Sr., and life imprisonment without the possibility of parole for twenty-five years for the murder of Robert Lisenby. He was sentenced to fifteen years for the assault with intent to commit murder of Peter Enea, Jr. On appeal, we affirmed Riley's convictions and his life and fifteen-year sentences. Finding that the trial court improperly considered aggravating factors outside the statutory list and erroneously found two statutory aggravating factors, we remanded the cause to the trial court for the sole purpose of allowing the trial judge to reconsider the imposition of the death sentence in accordance with section 921.141(5), Florida Statutes (1975). Riley v. State, 366 So.2d 19 (Fla. 1978). Upon remand, the trial court held an additional sentencing hearing and, thereafter, again imposed the sentence of death. Riley appealed this death sentence and contended that the jury's recommendation was tainted by consideration of improper aggravating circumstances, that the trial court failed to consider certain evidence introduced to demonstrate nonstatutory mitigating factors, and that imposition of a death sentence upon him violates the eighth and fourteenth amendments of the federal constitution. We rejected each of these points as being without merit and affirmed his sentence of death. Riley v. State, 413 So.2d 1173 (Fla. 1982). The Supreme Court of the United States denied his petition for writ of certiorari. Riley v. Florida, ___ U.S. ___, 103 S.Ct. 317, 74 L.Ed.2d 294 (1982).
On May 12, 1983, the Governor signed a death warrant for Riley. On May 23, 1983, Riley filed a motion to vacate his judgment and sentence in the trial court and a motion for stay of execution and for an evidentiary hearing. After hearing argument of counsel on these motions, the trial court denied the motion to vacate without an evidentiary hearing and denied the motion to stay. Riley has now appealed the trial court's denial of his motion for postconviction relief. Concurrent with his filing of his motion to vacate, he has filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel and a petition for leave to file a writ of error coram nobis alleging newly discovered evidence.

Direct Appeal from Denial of Motion to Vacate
Riley challenges the denial of his motion for postconviction relief without an evidentiary hearing. We find that all of the grounds for relief raised by Riley were properly denied without an evidentiary hearing. As we have repeatedly held, when the motion and record conclusively demonstrate that the movant is not entitled to relief, the motion may be denied without an evidentiary hearing. Muhammad v. State, 426 So.2d 533 (Fla. 1982).
Riley alleged that his death sentence was obtained in violation of his rights guaranteed by the sixth, eighth, and fourteenth amendments to the federal constitution because the jury was not instructed that a six-six split on their decision to recommend life or death results in a life recommendation, because the jury should not have been instructed to consider all statutory aggravating factors, and because Florida law at *979 the time of trial required that all capital jurors be instructed on lesser offenses to murder in the first degree where those offenses are wholly unsupported by the evidence. There is no merit to these contentions. We have already determined that the jury in this case was properly instructed at the sentencing hearing. Riley v. State, 413 So.2d at 1174. Additionally, we have recently rejected similar arguments in Hitchcock v. State, 432 So.2d 42 (Fla. 1983), wherein we said:
The claim that the current standard jury instructions (which require instructing only on those lesser degrees of homicide supported by the evidence and which is similar to the instruction upheld in Hopper v. Evans [___ U.S. ___] 102 S.Ct. 2049 [72 L.Ed.2d 367] (1982)) makes the former jury instruction arbitrary because of unchannelled jury discretion does not meet the test set out in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067 [101 S.Ct. 796, 66 L.Ed.2d 612] (1980), for providing relief because of a change in the law. Instructing on all of the statutory aggravating circumstances has been upheld previously in Straight v. Wainwright, 422 So.2d 827 (Fla. 1982). Finally, the claim that Rose v. State, 425 So.2d 521 (Fla. 1982), has invalidated the standard jury instruction regarding the vote needed to make a recommendation as to death or life imprisonment misconstrues Rose, in which we found giving an "Allen" [v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)] charge to the jury during deliberation over sentence to have been unwarranted.
Id. at 44 n. 3.
Riley also alleged that his counsel was ineffective because he failed to object to the trial court's instruction regarding the weighing of aggravating and mitigating factors, failed to adequately confer with Riley during the penalty phase, failed to investigate certain mitigating evidence, failed to investigate facts which would have undermined the credibility of the eyewitness, failed to utilize adequate funds for investigative purposes, failed to object to allegedly inflammatory comments to the jury made by the prosecutor, and failed to object at resentencing to the trial court's failure to impanel a new jury. Applying the test announced in Knight v. State, 394 So.2d 997 (Fla. 1981), we find nothing in the record to indicate that Riley's counsel was ineffective. Riley failed to show that the detailed acts or omissions constituted a substantial and serious deficiency measurably below the standard of competent counsel.
Riley further alleged that, based on a twenty-one-county study on the imposition of the death penalty in Florida, Florida's death penalty has been imposed in an arbitrary, capricious, and irrational manner. We rejected identical claims in Hitchcock v. State and Thomas v. State, 421 So.2d 160 (Fla. 1982).
The trial court did not err in denying Riley's motion to vacate without an evidentiary hearing.

Habeas Corpus
Riley argues that his appellate counsel was ineffective in failing to argue on Riley's first appeal that the jury's death recommendation was tainted by the State's presentation of nonstatutory aggravating circumstances and that, therefore, Riley should be given a new jury sentencing hearing. Considering Riley's claim in light of the standards announced in Knight v. State, we find no substantial and serious deficiency in Riley's representation on appeal by which he was prejudiced.
Initially, we point out that, since trial counsel had not objected to the introduction of this evidence during the first sentencing hearing, this issue was not preserved for appeal. We so found in our second Riley decision. Moreover, however, we stated that, if the issue were properly before us, we would find that the jury was properly instructed and that the record does not reveal that the jury based its recommendation on improper considerations.

Petition for Leave to Apply for a Writ of Error Coram Nobis
In Hallman v. State, 371 So.2d 482 (Fla. 1979), we set out the specific requirements *980 of a petition for leave to file this writ addressed to the appellate court. We said:
A petition for this writ addressed to the appellate court must disclose fully the alleged facts relied on; mere conclusory statements are insufficient. The appellate court must be afforded a full opportunity to evaluate the alleged facts for itself and to determine whether they establish prima facie grounds. Lamb v. State, supra [91 Fla. 396, 107 So. 535 (1926)]; Washington v. State, 92 Fla. 740, 110 So. 259 (1926); Urga v. State, 157 Fla. 794, 26 So.2d 786 (1946). Furthermore, the petition should assert the evidence upon which the alleged facts can be proved and the source of such evidence. Russ v. State, 95 So.2d 594 (Fla. 1957). The function of a writ of error coram nobis is to correct errors of fact, not errors of law. Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934). The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence. Kinsey v. State, 155 Fla. 159, 19 So.2d 706 (1944).
371 So.2d at 484-85. The petition must allege facts of such a vital nature that had they been known to the trial court, they conclusively would have prevented entry of judgment.
Riley alleges newly discovered evidence in the form of an affidavit by an inmate, Anthony Saia, who formerly resided for a brief period on death row and who is presently in custody at the federal penitentiary in Lewisburg, Pennsylvania. Saia states that John Errol Ferguson, who is under sentence of death for multiple murders, told Saia that he had committed the 1975 Sunset Bottling Company murders for which Riley was convicted. Riley says that this evidence was unknown to the trial court, to Riley, or to his trial counsel at the time of trial and could not have been discovered through the use of due diligence. He contends that this evidence would conclusively have prevented the entry of judgment convicting him.
We have considered the facts now offered as newly discovered evidence in light of the entire record of the trial court proceedings and conclude that the most that can be said about this new evidence is that it may have changed the verdict of the jury. This, however, is not the test enunciated in Hallman. Applying the principles of Hallman, we cannot say that this evidence would conclusively have prevented Riley's convictions for first-degree murder and assault. See Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981). Even if Saia had been present and testified at the trial that Ferguson had confessed to him that he had committed the murders, such evidence would not conclusively have prevented entry of judgments of conviction. The State's evidence still would have been sufficient to support the jury's verdicts of guilty. Therefore, the petition for leave to apply for a writ of error coram nobis is denied.

Motion for Stay
On the day of oral argument, Riley amended his motion for stay of execution to allege that trial counsel for Riley had represented a family member of the trial judge at a time subsequent to Riley's first trial and sentencing and prior to the filing of his motion to vacate. He asks that we stay the cause and relinquish jurisdiction to the trial court so that he may move for disqualification of the trial judge and a rehearing on the denial of his motion to vacate. We hold that his amended motion fails to state a sufficient basis to warrant the relief requested. Moreover, the trial court found as a matter of law that the motion to vacate failed to establish any basis for postconviction relief. We have evaluated each of the claims made by Riley in his motion to vacate and find that none state a legally sufficient basis for relief. Since the motion to vacate was legally insufficient to warrant relief, assignment of another judge to determine the cause would not have changed the result.

*981 Conclusion

Accordingly, having found no merit to Riley's claims, we affirm the trial court, deny his petitions for habeas corpus and for leave to apply for a writ of error coram nobis, and deny his motion for stay. No motion for rehearing will be allowed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
BOYD, J., dissents with an opinion.
OVERTON, Justice, concurring in part, dissenting in part.
This cause, in my view, presents an unusual circumstance which I reluctantly conclude requires the entry of a stay of execution and an evidentiary hearing solely on the issue of the effectiveness of Riley's trial counsel. My conclusion is not predicated in any respect on the alleged letter from the governor's office.
I concur that the petition for habeas corpus should be denied. I also concur in the affirmance of the trial judge's denial of the 3.850 relief on all grounds with the exception of the allegations of ineffective assistance of counsel. I have concluded that the allegations of ineffective assistance of trial counsel cannot be disposed of summarily by the trial judge without an evidentiary hearing, particularly under the unique circumstances presented here in which the trial judge has personally employed, subsequent to appellant's trial, the lawyer who is alleged to have been ineffective. Subsequent to the trial court's denial of the motion for post-conviction relief in this cause, the trial judge called the appellant's lawyer and advised him of his relationship with the appellant's previous trial counsel. The affidavit filed in this cause reflects that subsequent to the original trial of this cause the trial judge employed appellant's trial lawyer to represent a family member and that he performed that service in a very satisfactory and effective manner. I do not believe that in this instance the trial judge must necessarily disqualify himself. However, where there are allegations that trial counsel failed to properly investigate and prepare for the sentencing phase of the trial, those allegations cannot be summarily disposed of by a judge who has personally employed that same lawyer for his personal family business. An evidentiary hearing in this instance can more properly resolve this issue and provide a suitable record for appellate review. Although not in anywise controlling, it should be noted that a finding of fact after an evidentiary hearing by a state trial judge has a significant impact on future proceedings, particularly in federal courts, because they are almost totally bound by those findings. Sumner v. Mata, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).
With regard to the petition for writ of error coram nobis, I concur that the allegations contained in that petition do not establish, prima facie, that the testimony of the inmate Anthony Saia would conclusively affect appellant's conviction. I disagree, however, with the broad-brush use of the conclusiveness test in death cases and adhere to my dissent in Hallman v. State, 371 So.2d 482 (Fla. 1979), as it concerns the sentencing phase and the imposition of the death sentence. Judge Pearson, in Tafero v. State, 406 So.2d 89 (Fla. 3d DCA 1981), a case cited by the majority, recognized the "serious problem presented by employing a coram nobis sufficiency test to the totally different question of whether the death penalty would have been imposed" in view of the Fifth Circuit's decision in Stephens v. Zant, 631 F.2d 397 (5th Cir.1980), cert. granted, 454 U.S. 814, 102 S.Ct. 90, 70 L.Ed.2d 82 (1981). 406 So.2d at 95 n. 13.
For the reasons expressed, I would grant a stay of execution and remand for an evidentiary hearing on the sole issue of ineffective assistance of trial counsel.
BOYD, Justice, dissenting.
I dissent to the order of the Court denying Wardell Riley leave to apply for a writ *982 of error coram nobis in the court in which he was tried and sentenced. I also dissent to that portion of the Court's judgment which affirms the trial court's denial of Riley's motion for post-conviction relief without holding an evidentiary hearing on the question of possible inadequate investigation of factual matters by Riley's original trial defense counsel. Because I believe further proceedings are required on an application for a writ of error coram nobis and on the motion for post-conviction relief, I would stay the execution of sentence and remand for the appropriate evidentiary hearings.
When this Court considered Riley's initial appeal and affirmed his convictions of the murders at the Sunset Bottling Company plant, where he was employed, I dissented on the ground that there was a lack of legally sufficient, competent, substantial evidence presented at the trial to support the verdicts of guilt. Riley v. State, 366 So.2d 19, 22-23 (Fla. 1978) (Boyd, J., dissenting).
When Riley's sentence of death was again before the Court on appeal following the Court's earlier remand for resentencing, I dissented from the affirmance of the sentence of death. Although I expressed no reasons for my position at that time, my preference for reducing the sentence to life imprisonment was based not on any principles of our capital felony sentencing law but on my continued view that Riley's guilt had not been adequately proven at his trial. Riley v. State, 413 So.2d 1173, 1175 (Fla.) (Boyd, J., dissenting), cert. denied, ___ U.S. ___, 103 S.Ct. 317, 74 L.Ed.2d 294 (1982).
Riley seeks our permission to seek a writ of error coram nobis in the court in which he was tried and convicted. Because I find that the facts alleged in the petition establish prima facie grounds for issuance of the writ, I would grant leave to apply for it and remand the case to the trial court to determine the truth of the allegations in an appropriate evidentiary hearing. See Hallman v. State, 371 So.2d 482 (Fla. 1979).
Riley's petition is based in principal part on the affidavit of a former Florida prisoner, Anthony Saia. The affidavit states that, while an inmate of the Florida corrections system, Saia personally heard fellow prisoner John Errol Ferguson admit that he and his cousin had committed the crimes of which petitioner Riley stands convicted and states further that Ferguson described the crimes in detail to Saia.
The crimes of which petitioner Riley stands convicted occurred on September 15, 1975, at the premises of the Sunset Bottling Company in Dade County. The statements attributed to Ferguson in the affidavit of Saia constitute an account of the crimes which is wholly consistent with the evidence adduced at the initial trial of Riley, including the defense testimony of Riley, his wife, his neighbor, and a co-worker at the bottling plant. See Riley v. State, 366 So.2d at 22-23 (Boyd, J., dissenting). The information contained in the affidavit comprises facts which clearly were not known and could not have been known by defendant and defense counsel at the time of the trial by the use of due diligence.
The petition points out that the actions performed by the perpetrators of the bottling plant crimes  the victims were robbed, their hands were tied behind their backs, they were forced to lie on the floor, and they were each shot in the head  bear a definite similarity to subsequent offenses of which Ferguson has been convicted. Not only does the modus operandi appear similar, but the bottling plant crimes took place in the same area of Dade County as the subsequent capital offenses for which Ferguson has been found guilty. See Ferguson v. State, 417 So.2d 639 (Fla. 1982); Ferguson v. State, 417 So.2d 631 (Fla. 1982).
The petition alleges that according to court and state corrections records Ferguson was not in custody at the time of the bottling plant crimes. Attached to the petition are not only Saia's affidavit but also letters he wrote at various times concerning the statements he says Ferguson made and which were consistent with the account presented in the affidavit.
The allegations of the petition, setting forth evidence of Ferguson's admissions *983 against his penal interest, are such that if they are true and had been known at the time of petitioner's trial, they conclusively would have changed the outcome of that litigation and would have prevented entry of the judgment from which petitioner ultimately seeks relief. Although the surviving victim identified Riley as one of the perpetrators, which normally would be considered sufficient evidence for a jury finding of guilt, it is inconceivable that a qualified, properly instructed jury would have found Riley guilty in the face of clear evidence of such well corroborated admissions of guilt by another person as are alleged in the petition. The information in the petition, if true, would probably have prevented the indictment and prosecution of Riley had it been known prior to the trial, and would conclusively have prevented verdicts and judgments of guilt. I would therefore grant the petition for leave to apply for a writ of error coram nobis in the trial court. We should direct that such application be immediately filed and that the trial court promptly hold appropriate further proceedings.
With regard to the motion for post-conviction relief, I do not agree that the motion and record conclusively established that Riley was not entitled to any relief. Therefore, I believe that the court should not have summarily denied the motion, but should have held an evidentiary hearing. Fla.R.Crim.P. 3.850. Under the circumstances of this case, it may well be that Riley can establish that his defense lawyer's investigation of evidentiary matters and the tactics used to undermine the eyewitness testimony of the surviving victim did not rise to the standard of performance expected of attorneys in criminal cases. Therefore, the court should have held an evidentiary hearing on the allegations of the motion. I would stay the execution and remand for such further proceedings. This Court should grant a stay of execution.