517 So.2d 656 (1987)
Wardell RILEY, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
No. 69563.
Supreme Court of Florida.
September 3, 1987.
Rehearing Denied January 25, 1988.
Larry Helm Spalding, Capital Collateral Representative, Mark E. Olive, Litigation Coordinator, and James Lohman, Atty., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., Miami, for respondents.
BARKETT, Justice.
Wardell Riley, a Florida prisoner under sentence of death and execution warrant, petitioned this Court for a writ of habeas corpus and a stay of execution. Riley argued, among other things, that the advisory jury at sentencing was improperly restricted in its consideration of mitigating factors in violation of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). We granted Riley's application for stay of execution and requested supplemental briefing on the issue of "whether or not this Court can give retroactive application to Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), as it affects a jury's recommendation of sentence." We have jurisdiction. Art. V, § 3(b)(1) and (9), Fla. Const. We now grant the writ and remand for a new sentencing proceeding before a jury.
In February 1976 a jury convicted Riley of, among other things, two counts of first-degree murder. The jury recommended and the trial judge imposed a sentence of death as to one of the murder counts. This Court affirmed Riley's convictions but remanded *657 for resentencing because the trial judge had considered aggravating factors not provided for by statute. Riley v. State, 366 So.2d 19 (Fla. 1978) (Riley I). After a second sentencing hearing, the trial judge (without the benefit of a new jury recommendation) again sentenced Riley to death. We affirmed the sentence in Riley v. State, 413 So.2d 1173 (Fla.) (Riley II), cert. denied, 459 U.S. 981, 103 S.Ct. 317, 74 L.Ed.2d 294 (1982). Thereafter, Riley's claims were rejected in state and federal post-conviction proceedings. Riley v. State, 433 So.2d 976 (Fla. 1983) (Riley III); Riley v. Wainwright, 778 F.2d 1544 (11th Cir.1985), cert. denied, ___ U.S. ___, 107 S.Ct. 240, 93 L.Ed.2d 165 (1986).
Lockett and its progeny hold that the eighth amendment requires individualized determinations of sentences in capital cases. Accordingly, "the sentencer may not refuse to consider or be precluded from considering `any relevant mitigating evidence.'" Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 1671, 90 L.Ed.2d 1 (1986), quoting Eddings v. Oklahoma, 455 U.S. 104, 114, 102 S.Ct. 869, 877, 71 L.Ed.2d 1 (1982). See also Lockett v. Ohio, 438 U.S. at 604, 98 S.Ct. at 2964 (1978) (plurality opinion).
Lockett clearly is retroactive as it applies to the sentencing judge. The United States Supreme Court repeatedly has vacated death sentences imposed prior to Lockett by procedures forbidden by Lockett. See, e.g., Eddings, 455 U.S. at 118, 102 S.Ct. at 878 (1982) (O'Conner, J., concurring); Downs v. Ohio, 438 U.S. 909, 98 S.Ct. 3133, 57 L.Ed.2d 1153 (1978); Shelton v. Ohio, 438 U.S. 909, 98 S.Ct. 3133, 57 L.Ed.2d 1153 (1978). This Court likewise has applied Lockett to vacate death sentences imposed before Lockett was decided. E.g., Perry v. State, 395 So.2d 170, 174 (Fla. 1980). The Eleventh Circuit Court of Appeals has expressly held Lockett to be retroactive. Songer v. Wainwright, 769 F.2d 1488, 1489 (11th Cir.1985) (en banc), cert. denied, ___ U.S. ___, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987). In Harvard v. State, 486 So.2d 537 (Fla.), cert. denied, ___ U.S. ___, 107 S.Ct. 215, 93 L.Ed.2d 144 (1986), this Court concluded:
It is our independent view that an appellant seeking post-conviction relief is entitled to a new sentencing proceeding when it is apparent from the record that the sentencing judge believed that consideration was limited to the mitigating circumstances set out in the capital sentencing statute in determining whether to impose a sentence of death or life imprisonment without parole for twenty-five years. See Lockett; Eddings; (citations omitted).
Id. at 539. Thus, a judge who fails to consider or is precluded from considering nonstatutory mitigating circumstances commits reversible error whether sentence was imposed post- or pre-Lockett.
We turn now to the question of whether Lockett applies to a jury's recommendation of sentence. Because we already have determined that Lockett is retroactive, the proper inquiry is whether, in the context of Florida's capital sentencing scheme, Lockett's requirement that a sentencer "not be precluded from considering ... any aspect of a defendant's character or record and any of the circumstances of the offense" applies to the jury's advisory recommendation. 438 U.S. at 604-05, 98 S.Ct. at 2964-65.
This Court has long held that a Florida capital sentencing jury's recommendation is an integral part of the death sentencing process. Lamadline v. State, 303 So.2d 17, 20 (Fla. 1974) (jury recommendation can be "critical factor" in determining whether or not death penalty should be imposed). Under Tedder v. State, 322 So.2d 908, 910 (Fla. 1975), a jury's recommendation of life must be given "great weight" by the sentencing judge. A recommendation of life may be overturned only if "the facts suggesting a sentence of death [are] so clear and convincing that virtually no reasonable person could differ." Id.
This Court also has recognized that the jury's determination of the existence of any mitigating circumstances, statutory or nonstatutory, as well as the weight to be given them are essential components of the sentencing *658 process. In Floyd v. State, 497 So.2d 1211 (Fla. 1986), we held that it was error for the trial judge not to give any instructions on what could be considered in mitigation because such failure may have precluded from the jury's consideration relevant nonstatutory mitigating circumstances:
Under our capital sentencing statute, a defendant has the right to an advisory opinion from a jury.... In determining an advisory sentence, the jury must consider and weigh all aggravating and mitigating circumstances... . The jury must be instructed either by the applicable standard jury instructions or by specially formulated instructions, that their role is to make a recommendation based on the circumstances of the offense and the character and background of the defendant.

Id. at 1215 (citations omitted, emphasis added). Because Floyd was denied his right to a fair advisory opinion, we vacated his death sentence and remanded for resentencing before a properly instructed jury. Floyd made clear that improper, incomplete or confusing instructions relative to the consideration of both statutory and nonstatutory mitigating evidence does violence to the sentencing scheme and the jury's fundamental role in that scheme. As we pointed out:
The Legislature intended that the trial judge determine the sentence with advice and guidance provided by a jury, the one institution in the system of Anglo-American jurisprudence most honored for fair determinations of questions decided by balancing opposing factors. If the advisory function were to be limited initially because the jury could only consider those mitigating and aggravating circumstances which the trial judge decided to be appropriate in a particular case, the statutory scheme would be distorted.

Cooper v. State, 336 So.2d 1133, 1140 (Fla. 1976) (emphasis added), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977).
In Lucas v. State, 490 So.2d 943 (Fla. 1986), we held that there should be a complete new sentencing proceeding before a newly empaneled jury where the trial took place before this Court's decision in Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), which held that mitigating factors are not restricted to those listed in the statute. Our decision in Lucas was based upon a review of the record, which indicated that the trial judge instructed the jury only on the statutory mitigating circumstances. In reaching our conclusion, we noted that resentencing without the benefit of a new jury recommendation is not always error but that a new jury is required when the original jury recommendation is invalid. See Menendez v. State, 419 So.2d 312, 314 (Fla. 1982) (new jury recommendation not required where no error at original sentencing trial with regard to evidence and instructions to jury); Mikenas v. State, 407 So.2d 892, 893 (Fla. 1981), cert. denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982) (trial judge did not err in resentencing without further jury deliberations where evidence itself was not improper but only the manner in which it was considered by the court). But see Harvard (allowing the trial court discretion to empanel a new sentencing jury).
And in Valle v. State, 502 So.2d 1225 (Fla. 1987), we held that a defendant is entitled to a new jury recommendation on resentencing subject to the harmless error rule:
The jury's recommended sentence is given great weight under our bifurcated death penalty system. It is the jury's task to weigh the aggravating and mitigating evidence in arriving at a recommended sentence. Where relevant mitigating evidence is excluded from this balancing process, the scale is more likely to tip in favor of a recommended sentence of death. Since the sentencer must comply with a stricter standard when imposing a death sentence over a jury recommendation of life, a defendant must be allowed to present all relevant mitigating evidence to the jury in his efforts to secure such a recommendation. Therefore, unless it is clear beyond *659 a reasonable doubt that the erroneous exclusion of evidence did not affect the jury's recommendation of death, the defendant is entitled to a new jury recommendation on resentencing.

Id. at 1226 (emphasis added, footnote omitted).
Clearly, our prior cases indicate that the standards imposed by Lockett bind both judge and jury under our law. We reject the state's argument that a new advisory jury upon resentencing is not constitutionally required under Florida's sentencing scheme. If the jury's recommendation, upon which the judge must rely, results from an unconstitutional procedure, then the entire sentencing process necessarily is tainted by that procedure.
Turning now to the facts of this case, we must conclude that the jury proceedings in the original sentencing process were not consistent with the dictates of Lockett. The trial court instructed the jury that "[t]he mitigating circumstances which you may consider if established by the evidence are these," and then read the list of seven statutory mitigating factors. The trial judge indicated that he would provide the jury with written jury instructions which set "forth the mitigating and aggravating circumstances." (Emphasis added.) In closing argument, the prosecutor discussed "the" mitigating circumstances to see if "they" exist and then checked off the statutory list. In sentencing Riley to death, the judge explained: "The only mitigating circumstance under Florida statute is the fact that the Defendant had no prior criminal conviction." (Emphasis added.)
The record in this case reveals a sentencing proceeding nearly identical to that in Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 1824, 95 L.Ed.2d 347 (1987), in which the United States Supreme Court found "it could not be clearer that the advisory jury was instructed not to consider, and the sentencing judge refused to consider, evidence of nonstatutory mitigating circumstances." We believe it equally clear that a Lockett violation occurred in this case. Despite the existence of significant nonstatutory mitigating evidence,[1] it is apparent that the judge believed that he was limited to consideration of the mitigating circumstances set out in the statute and instructed the jury accordingly.
Accordingly, we find that Riley's 1976 jury recommendation proceeding violated Lockett. Under Hitchcock, this finding is sufficient to require a new sentencing proceeding. We reject the state's argument that Riley's claim is procedurally barred. Although the state correctly points out that in Riley II, we said "[t]here is no question that the jury was properly instructed at the sentencing hearing," 413 So.2d at 1174, that pronouncement was made in the context of the allegation of improper consideration of nonstatutory aggravating circumstances. In Riley III, this Court reiterated that "the jury in this case was properly instructed at the sentencing hearing," 433 So.2d at 979, again in response to Riley's argument that the jury recommendation was tainted because it had been improperly instructed on aggravating factors and the state had improperly argued nonstatutory aggravating factors. Id. at 978-79.
Even if the precise issue had been squarely and adequately presented to this Court, Hitchcock would compel us to remand for resentencing. In Hitchcock v. State, 432 So.2d 42 (Fla. 1983), we held that no violation of Hitchcock's rights under the Lockett line of cases had occurred, and specifically noted that
[t]he record refutes the contention that Hitchcock was deprived of presentation or consideration of nonstatutory mitigating circumstances. His counsel both presented and argued nonstatutory mitigating circumstances.
*660 Id. at 44 (McDonald, J., concurring). The United States Supreme Court clearly rejected this "mere presentation" standard, finding that a violation of Lockett had occurred. 107 S.Ct. at 1824. The Court made clear that the fact that the judge and jury heard nonstatutory mitigating evidence is insufficient if the record shows that they restricted their consideration only to statutory mitigating factors.[2]
The state has not argued that the error did not affect the jury's recommendation. The judge upon resentencing found two valid aggravating factors and one statutory mitigating factor. Under these circumstances and in light of the nonstatutory mitigating evidence that was presented, we cannot say beyond a reasonable doubt that the error was harmless. Thus, resentencing before a new jury is required. Hitchcock v. Dugger; Valle. We therefore vacate Riley's sentence and direct that a new sentencing hearing before a jury be held.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, GRIMES and KOGAN, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] At the original sentencing proceeding, evidence was presented relative to family background, character, and Riley's capacity for rehabilitation. Additional mitigating evidence was presented at Riley's post-Lockett resentencing hearing. Because we hold that the resentencing proceeding was insufficient to cure the original infirm jury recommendation, we do not revisit the issue, resolved against petitioner in Riley II, of whether the judge in resentencing considered this evidence in reaching his judgment.
[2] Moreover, this Court implicitly has recognized that exclusion of any relevant mitigating evidence affects the sentence in such a way as to render the trial fundamentally unfair. See Harvard (remanded for resentencing on appeal of trial court's denial of post-conviction relief even though same claim had been rejected on direct appeal).