ON REHEARING
DELL, Judge.
We grant appellant/petitioner’s motion for rehearing and/or motion for clarification.[1] We withdraw the order of this court dated December 30,1.987 and substitute the following opinion in its place and stead.
Petitioner seeks an order directing the trial court to conduct a hearing on newly discovered evidence. Petitioner has alleged that after this court affirmed his conviction, sufficient new evidence has been discovered to support the issuance of a writ of error coram nobis. The new evidence consists of a sworn statement in which the petitioner’s father confessed that he committed the acts for which petitioner was convicted.
Petitioner recognizes that newly discovered evidence in the form of a confession by a third party is insufficient to merit coram nobis relief. Riley v. State, 433 So.2d 976 (Fla.1983). However, petitioner contends that this case should be distinguished from Riley, and also from Rolle v. State, 475 So.2d 210 (Fla.1985), because the child victim, who was three years of age at the time of the alleged acts and four years of age at the time of trial, vascillated in her identity of the individual who committed the acts for which petitioner was convicted. During various conversations with authorities the child victim identified the father or petitioner as the perpetrator, but she never said they both did it. The state argues that the father’s confession should not be considered because it conflicts with the expert’s opinion that the victim’s physical condition was consistent only with digital penetration. Petitioner contends the record does not support this argument because the expert witness testified in response to the following question: “Would it be consistent with any other type of sexual abuse?” Answer: “It is not consistent with full penile penetration, but it could be consistent with attempted penile penetration without going beyond the hymen.”
In Hallman v. State, 371 So.2d 482 (Fla.1979), the supreme court stated:
In considering a petition for writ of error coram nobis, the appellate court has a responsibility to determine the legal effect of the facts alleged upon the previously entered judgment. When the appellate court finds the facts are sufficient in legal effect, the next step is for the trial court to determine the truth of the allegations in an appropriate eviden-tiary hearing. Chambers v. State, 117 Fla. 642, 158 So. 153 (1934).
The general rule repeatedly employed by this Court to establish the sufficiency of an application for writ of error coram nobis is that the alleged facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment. (Citations omitted). In Russ v. State, [95 So.2d 594] this court expressly stated: “The showing must be such that if the matters shown had been before the trial court when judgment was entered, the court would have been precluded from entering the judgment.” 95 So.2d at 597 (emphasis added). This traditional “conclusiveness test” in error coram nobis proceedings is predicated on the need for finality in judicial proceedings. Id. at 485.
Petitioner has a heavy burden to meet the conclusiveness test set forth in Hallman v. State. We are satisfied from our review of the entire record that the victim did not unequivocally identify petitioner as her as *176 sailant. On more than one occasion the victim identified petitioner’s father as the assailant. When this court affirmed appellant’s conviction, the record did not contain the father’s confession. The confession, when coupled with the expert’s testimony that the victim’s physical condition could have been caused in the manner described by the father and the victim’s identification of the father as the assailant, furnishes a sufficient basis, in our view, to merit issuance of a writ of error coram nobis.
Accordingly, we grant petitioner’s petition for writ of error coram nobis and remand this cause to the trial court to conduct an evidentiary hearing in accordance with the standards enunciated in Hallman v. State.
WRIT OP ERROR CORAM NOBIS GRANTED.
DOWNEY and ANSTEAD, JJ., concur.

. Petitioner filed his petition for writ of error coram nobis as a pleading in the original plenary appeal rather than instituting a separate proceeding for consideration of his petition. As a result a clerical error occurred which caused the petition not to be considered by the entire panel of judges assigned to this appeal.