WARNER, Judge.
The state appeals an order of the trial court vacating a conviction and sentence and ordering further proceedings based upon an evidentiary hearing on a writ of error coram nobis pursuant to this court’s direction in Nussdorf v. State, 526 So.2d 174 (Fla. 4th DCA 1988).[1] We reverse.
The appellant was convicted and sentenced on three counts of sexual battery on a child victim. His direct appeal was affirmed by this court in Nussdorf v. State, 508 So.2d 1273 (Fla. 4th DCA 1987). Appellant also filed a petition for writ of coram nobis which this court granted finding that newly discovered evidence revealed in the petition would have precluded the entry of a judgment against appellant. Nussdorf v. State, 526 So.2d 174 (Fla. 4th DCA 1988). The newly discovered evidence consisted of a confession by the appellant’s father to the crimes of which appellant was convicted. Pursuant to Hallman v. State, 371 So.2d 482 (Fla.1979), this court remanded the case to the trial court to determine the truth of the allegations of the petition. The trial court held such a hearing and determined that appellant’s father did indeed . confess to the crimes and that his testimony and confession were credible enough to be admissible in evidence. The trial court therefore vacated the conviction and sentence and set the matter for further proceedings.
The state claims that the father’s confession was hypnotically refreshed and was inadmissible in evidence, citing Stokes v. State, 548 So.2d 188 (Fla.1989). Therefore, the trial court erred in determining the validity of the allegations of the petition based on inadmissible testimony.
In Neely v. State, 565 So.2d 337 (Fla. 4th DCA 1990), we stated with regard to a petition for writ of error coram nobis:
*1321 The role of the trial court, after we authorized a hearing on the coram nobis application, was to determine the validity .of the allegations. See Richardson [v. State] [546 So.2d 1037] [Fla.1989] at 1038. The trial court has determined that the allegations were valid, and since there is competent substantial evidence in the record to support that determination, we cannot disturb those findings any more than we could interfere with the original fact-finder’s decision on the motion for judgment of acquittal.
Id. at 345 (emphasis supplied). Thus, the trial court must base its decision on competent evidence. In this case, the father’s confession was hypnotically induced, and prior to the hypnotic sessions the father remembered nothing about what may have happened regarding the child victim. Stokes, which was decided after the granting of the writ by this court in this case, held:
that the testimony of a witness who has undergone hypnosis for the purpose of refreshing his or her memory of the events at issue is inadmissible as to all additional facts relating to those events from the time of the hypnotic session forward. A witness who has been hypnotized may testify to statements made before the hypnotic session, if they are properly recorded.
548 So.2d at 196. Given this per se rule, the confession of the father is completely inadmissible and thus not competent evidence on which the trial court could rely in determining the truth of the matters contained in the alleged confession. Without the confession of the father, there was no competent substantial evidence to support the allegations of the petition that the father committed acts for which petitioner was convicted.
We therefore reverse and remand for reinstatement of the conviction and sentence of appellee.
GLICKSTEIN and GARRETT, JJ., concur.

. We have jurisdiction under Fla.R.App.P. 9.140(c)(1)(C).