LESLIE BROS. INC., a Corporation of Florida, *Appellant,* v. GEORGE W. ROOPE and MARTHA L. ROOPE, his wife, et al., *Appellees.*

Division B.

148 So. 212.

Decision filed February 14, 1933.

Rehearing denied April 22, 1933.

*Shutts & Bowen,* for Appellant.

*Collins. & Collins,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

DAVIS, C. J. (concurring).—I concur in affirming the decree appealed from for the reasons given in the memorandum opinion filed by Judge Freeland and appearing in the

record. I do not think the Court below would have been warranted in declaring the levy of the attachment to be null and void merely because Leslie Bros, Inc., was at the time of filing the bill, the fee simple owner of the property. The real issue in the case was whether or not Woodbury was owner, or Trustee for the owner, with relation to the attachment. But the bill was prosecuted on a different theory, and properly dismissed.

ON PETITION FOR RE-HEARING
Opinion filed April 23, 1933.

PER CURIAM.—The final decree herein was affirmed by a memorandum decision entered on February 14, 1933, no opinion being written.

The decree that was affirmed was to the effect that the defendant, George W. Roope, had an attachment lien against the land described in the bill of complaint, by reason of his attachment proceedings, superior to the claims of all other parties to the cause. It was also found that the defendant, George W. Roope, and the Sheriff of Dade County, acting under his instructions, should be held authorized to proceed to enforce the attachment and judgment thereon, unless same should be duly paid.

The case of Johnson v. Smith, 76 Fla. 474, 80 South. Rep. 184, involved an attempt by attachment at law to subject trust property to the payment of debts against it. It was there held that the proceedings should have been in equity, and not by action at law with attachment. In this case there was no attachment of the debtor's trust property for debts against it, but the attachment was levied on property standing in the name of the debtor, an alleged trustee who, so far as the record showed, was the actual owner of the property levied on, although claimed to be in

reality a mere conduit grantee through whom the title was being passed to the true owner.

. The cause was considered in the Circuit Court by two of the four judges who held that the complainant's bill should be dismissed, on one theory or another. But all arrived at the same result. No application for leave to re-open the pleadings or to have further proceedings was made in the lower court for the purpose of re-presenting the case on a different theory. We know of no authority for this court on petition for rehearing after affirmance, to re-open a case that was deliberately presented on a specific theory in the lower court, and insisted on in this Court, merely in order to permit it to be re-presented on a different theory now that the first theory has been rejected. To do so would be wholly at variance with our affirmance of the decree appealed from.

This case is not one wherein complainant through inadvertence or misapprehension has failed to present facts that he could have presented in order to justify a probable decree in his favor. On the contrary it is a case wherein complainant has presented everything he possibly could have presented along the course that he elected to pursue, unsuccessfully it is true, but none the less positively. It is now too late to ask leave to recast the whole case so as to present it on another theory, in order to avoid our judgment of affirmance.

We find, however, on reconsideration of this case on petition for rehearing, that the third paragraph of the final decree which reads as hereinafter quoted should be eliminated as being unauthorized under the law of the case.

"That the prayer of the defendants for affirmative relief be, and the same is hereby granted, and the alleged deed from Chester P. Woodbury and wife, dated December 5,

1928, and filed for record on December 22, 1928, purporting to convey the property levied on·by said attachment, to the complainant in this case, is a cloud on the title to said land, so far as the said attachment proceedings are concerned, and that the property therein described is subject to the attachment proceedings of George W. Roope, and that said deed is hereby cancelled and declared of no effect, so far as the right of the defendant, George W. Roope, to proceed with said attachment is concerned, and that, should said property sell under and by virtue of said attachment proceeding, the aforementioned deed is hereby cancelled and annulled as a cloud upon said title."

Our judgment of affirmance will accordingly be modified so as to exclude from it that portion of the final decree above quoted. It is therefore ordered that said paragraph of said decree be and the same is hereby stricken by this Court from the final decree appealed from, on authority of Section 4637 C. G. L., 2918 R. G. S.

The costs of this appeal shall be taxed in equal portions against appellants and appellees.

Petition for rehearing denied upon modification of Appellate Court's judgment.

DAVIS, C. J., and WHITFIELD; ELLIS, TERRELL and BUFORD, J. J., concur.