343 So.2d 115 (1977)
PRICE WISE BUYING GROUP et al., Petitioners,
v.
Charles A. NUZUM, As Director of the Division of Beverage, a Division of the Department of Business Regulation of the State of Florida, Respondent.
No. BB-350.
District Court of Appeal, State of Florida, First District.
February 2, 1977.
Rehearing Denied March 29, 1977.
Jerome M. Novey, of Novey & Blanton, Tallahassee, for petitioner.
Charles L. Curtis, and Charles F. Tunnicliff, Tallahassee, for respondent.
MILLS, Judge.
Petitioners seek review of a Declaratory Statement issued by the Respondent stating that Respondent's prior interpretation of its rule, Florida Administrative Rule 7A-4.50, was incorrect and without statutory authority, and that all memoranda and informal discussions supporting that interpretation would no longer be followed by the Respondent. The issue which is determinative of this review is whether the Declaratory Statement is a rule as defined in Section 120.52(14), Florida Statutes (1975).
Rule 7A-4.50, authorizing cooperative pool buying by licensed vendors of alcoholic beverages, became law on 30 October 1973. Pursuant to that rule, the former director of the Respondent issued a memorandum on 10 July 1974 to "All Distributors, All Agents of Buying Groups" interpreting Rule 7A-4.50 as it relates to the Tied House Evil Law. Since that date, the former director's memorandum has represented the Respondent's official position regarding the extension of credit to vendors and has been relied upon by the members of the alcoholic beverage industry in Florida.
On 26 January 1976, the present director issued a memorandum rescinding all prior memoranda regarding cooperative pool buying vendors. In response to that memorandum, Petitioner, Independent Beverage Dealers, Inc., filed a Petition for Declaratory Statement with the Respondent requesting a clarification of the Respondent's interpretation *116 of Rule 7A-4.50 as it related to the Tied House Evil Law. Pursuant to the Petitioner's request, the Respondent caused a Notice of Petition for Declaratory Statement to be published in the Florida Administrative Weekly on 27 February 1976.
On 8 March 1976, the Respondent issued its Declaratory Statement of which review is sought.
Rule as defined by Section 120.52(14), Florida Statutes (1975), "means each agency statement of general applicability that implements, interprets or prescribes law or policy or describes the organization, procedure or practice requirements of an agency and includes the amendment or repeal of a rule."
The Declaratory Statement is a rule as defined by Section 120.52(14) because it is an agency statement of general applicability that implements, interprets and prescribes law or policy. It expressly rescinds the prior interpretation given Rule 7A-4.50 as it relates to the Tied House Evil Law, and sets forth a new interpretation of that law.
Section 120.52(14) also states that the term rule does not include:
"(a) Internal management memoranda which do not affect either the private interests of any person or any plan or procedure important to the public.
(b) Legal memoranda or opinions issued to an agency by the attorney general or agency legal opinions prior to their use in connection with the agency actions, or
(c) The preparation or modification of:
1. Agency budgets,
2. Contractual provisions reached as a result of collective bargaining, or,
3. Agricultural marketing orders under Chapter 573 or Chapter 601."
The Declaratory Statement does not fall within one of these exceptions because it is final agency action which affects the private interest of vendors belonging to cooperative pooling groups. Therefore, the Declaratory Statement falls within the general definition of rule, because it is a general principle of statutory construction that where a statute sets forth exceptions, no others may be implied to be intended. Williams v. American Surety Company of New York, 99 So.2d 877 (Fla.2d DCA 1958); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
Section 120.54, Florida Statutes (1975), sets forth the procedure for the adoption, amendment or repeal of any rule by an administrative agency. Subsection (1) states that:
"Prior to the adoption, amendment or repeal of any rule not described in subsection (8), an agency shall give notice of its intended action, setting forth a short and plain explanation of the purpose and effect of the proposed rule, a summary of the proposed rule, and the specific legal authority under which its adoption is authorized. In addition the agency shall set forth an estimate of the economic impact of the proposed rule on all persons affected by it. If the agency determines this is not possible, the reasons why the costs of the proposed rule cannot be estimated shall be stated in the notice... ."
The Respondent failed to comply with the above procedures in that the Declaratory Statement was not properly identified as a rule and therefore did not give proper notice to interested parties that a rule was being promulgated. In addition, the Declaratory Statement did not set forth an estimate of the economic impact of the proposed rule on all persons affected by it.
The Respondent contends that Section 120.565, Florida Statutes (1975), controls the procedure applicable to the statement at issue here rather than Section 120.54. This would be true if the Respondent's statement dealt with the applicability of a statutory provision, or rule, or agency order. But such is not the case here. The Respondent's statement is of general applicability, implementing, interpreting and prescribing law or policy, expressly rescinding its prior interpretation of its Rule 7A-4.50 as it relates to the Tied House Evil Law, and setting forth a new interpretation of that law.
*117 The Declaratory Statement is invalid and is quashed. This case is remanded for such further action as Respondent deems necessary.
BOYER, C.J., and McCORD, J., concur.

ON PETITION FOR REHEARING
MILLS, Judge.
Although respondent's petition for rehearing correctly states that Rule 7A-4.50 was amended on 1 March 1976, respondent did not argue in its brief nor at oral argument that it was this action that rescinded the former director's memorandum, not its declaratory statement. We cannot consider an issue which is raised for the first time in the peititon for rehearing. In addition, Rule 7A-4.50, effective 1 March 1976, is not substantially different from Rule 7A-4.50, effective 30 October 1973.
The petition for rehearing is denied.
BOYER, C.J., and McCORD, J., concur.