425 So.2d 160 (1983)
MENTAL HEALTH DISTRICT BOARD, II-B, Appellant,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES; and Apalachee Community Mental Health Services, Inc., Appellees.
No. AK-336.
District Court of Appeal of Florida, First District.
January 7, 1983.
Kenneth F. Hoffman of Oertel & Laramore, Tallahassee, for appellant.
Eric J. Haugdahl, Asst. Gen. Counsel, for Dept. of Health and Rehabilitative Services, Tallahassee, appellee.
Ronald W. Brooks of Brooks, Callahan & Phillips, Tallahassee, for Apalachee Community Mental Health Services, Inc., appellee.
JOANOS, Judge.
This is an appeal from a declaratory statement issued pursuant to Section 120.565, Florida Statutes, by the Department of Health and Rehabilitative Services ("HRS").
*161 Apalachee Community Mental Health Services, Inc. ("Apalachee") petitioned HRS for a declaratory statement interpreting Sections 394.457 and 394.71-.81, Florida Statutes. Apalachee alleged it had been providing and continued to provide mental health, alcohol, and Baker Act services, for which it received state financial aid, to a specific area since before 1976 and that there had been no decrease in local funds or local participations in the programs it provided. Further, Apalachee alleged that on September 21, 1981, the Mental Health Board District II-B ("Board") requested proposals from other providers for some of the services which Apalachee had been providing. Apalachee also alleged the Board questioned the authority of counties to enter into contracts to provide services directly with providers such as Apalachee rather than proceeding through the Board. Finally, Apalachee alleged it was in doubt as to how HRS interprets Chapter 394, Florida Statutes, with reference to these matters. The specific questions posed by Apalachee in its petition were whether the Board is authorized to request proposals for alternative programs and providers for services provided by Apalachee since 1976, and whether contracts for services could be made directly between providers and counties, or whether the applicable statutory provisions require such contracts to be made solely through the Board.
The petition for a declaratory statement named both HRS and the Board as respondents and the Board moved to dismiss the petition. The primary ground for dismissal alleged was that Apalachee had not alleged a controversy between itself and HRS, but instead alleged a controversy between itself and the Board, seeking to make HRS an arbiter. The Board asserted that the purpose of declaratory statements is to resolve agency controversies or answer questions or doubts concerning the applicability of any statutory provision or rule as it does or may apply to the petitioner in his particular circumstances, and as petitioner sought a determination of the validity of the actions of a third party, the Board, proceedings for a declaratory statement were not authorized.
HRS denied the Board's motion to dismiss and went on to issue a declaratory statement on the two questions set forth above. In the final declaratory statement, HRS stated that Section 394.81 does not prohibit a mental health board from requesting proposals from alternative programs and providers, however, HRS also noted:
if an existing service provider is providing quality services based on service priorities in the approved district plan and conforms to existing contracts, rules and statutes, there is no need to request proposals from other providers. In fact, to do so would be disruptive to the continuity of service delivery. However, in the event an existing provider is not in compliance with the contract, rules or statutes and if monitoring and evaluation data indicate poor quality or inappropriate service, it may be desirable for a district mental health board to request proposals to improve the quality of the services.
In answer to the question as to direct contracting between providers and counties, HRS stated:
The ... question ... appears to request an impermissible statement of general applicability. However, a review of the petition indicates that Apalachee provides certain ... services by contract directly with Franklin and Gadsden counties and not by an award or contract through the Board. With this particular set of circumstances, an HRS response . .. is appropriate.
Sections 394.71-394.81, Florida Statutes (1981), do not prohibit a contract for providing mental health, alcohol or Baker Act services made directly between the provider and a particular county. Further, these sections do not require that such a contract be made solely by and through a district mental health board.
On appeal, the Board argues HRS erred in entering the declaratory statement because the petition and declaratory statement attempt to bind a third party, the Board, which amounts to a deprivation of *162 due process of law; the declarations in the statement are determinations of statewide applicability, which require rulemaking; disputed, material facts existed requiring a formal, adversary hearing; and the statements are contrary to HRS's own rules and changes in rules can only be made in formal rulemaking proceedings.
In response, Apalachee points out that HRS is the "Mental Health Authority" of Florida and the appropriate body to interpret the statutory provisions involved, and that the HRS district administrator is responsible for reviewing the district plan submitted by the District Mental Health Board, suggesting a hierarchal structure in which the Board is subject to HRS interpretations of the statutory provisions it is responsible to administer. Rule 10E-4.09(2)(a), Fla. Admin. Code, provides that the Board is the direct link between HRS and community services and is responsible to HRS for programs, priorities, and services.
"A declaratory statement shall set out the agency's opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in his particular set of circumstances only." Section 120.565, Florida Statutes. In its statement as to the solicitation of proposals by the Board, HRS has basically determined the applicability of Section 394.81 to Apalachee[1], assuming Apalachee is in compliance with the contracts, rules, and statutes, and is providing appropriate, good quality service. The order does not address how this determination is to be made, however, presumably until there has been a showing that Apalachee is no longer in compliance with contracts, rules, and statutes, or providing appropriate, good quality care, Apalachee is entitled to continuing financial aid in accordance with Section 394.81. Therefore, this part of the statement is within HRS's authority to give its opinion as to the applicability of a statutory provision, rule, or order "as it applies to the petitioner in his particular set of circumstances only." We recognize that this carries implications for the Board's relationship with Apalachee and to some extent may limit the Board's options. However, the statement is consistent with agency policy of promoting continuity of services, see Rule 10E-4.09(2)(b), Fla. Admin. Code, and there is no doubt that HRS is responsible for the administration of Section 394.81, Florida Statutes, see Section 394.78(1), Florida Statutes.
Regarding the question of direct contracting between counties and mental health services providers, however, it appears HRS's initial impression was correct, that resolution of the question requires a statement of general applicability which is not an appropriate result of a declaratory statement, as it does not address the applicability of a statute, rule, or order "to the petitioner in his particular set of circumstances only." (e.s.) Even though Apalachee is currently involved in direct contracts with several counties, this is not necessarily a situation peculiar to Apalachee, but instead carries implications for providers and counties statewide. Declaratory statement proceedings are not appropriate when the result is an agency statement of general applicability interpreting law or policy. See generally Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977).
The final order is AFFIRMED insofar as it declares the applicability of Section 394.81 to Apalachee, and REVERSED insofar *163 as it addresses the propriety of direct contracting between providers and counties.
LARRY G. SMITH and SHAW, JJ., concur.
NOTES
[1] Current state financial aid continued.  The department shall continue to provide financial aid to all programs and facilities which are receiving state aid on December 31, 1976, if:
(1) The board district within which the program or facility is located provides the minimum required services, as defined in s. 394.75(3)(a)-(f); or
(2) The district administrator is satisfied that such services will be provided within a reasonable period, or is satisfied that the other provisions of s. 394.76(4)(c), are applicable; and
(3) There is no decrease in local funds and local financial participation in the program.