832 F.2d 1528
 Lenson A. HARGRAVE, Petitioner-Appellant,
v.
Richard L. DUGGER, Secretary, Department of Corrections,
State of Florida, Respondent-Appellee.
 No. 84-5102.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 13, 1987.
Rehearing Denied Jan. 4, 1988.
 
 Bennett H. Brummer, Public Defender, Elliot H. Scherker, Asst. Public Defender, and Karen M. Gottlieb, Miami, Fla., for petitioner-appellant.
 Robert A. Butterworth, Atty. Gen. of Florida, Carolyn Snurkowski, Richard E. Doran, Ralph Barreira, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before RONEY, Chief Judge, and TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, ANDERSON, CLARK and EDMONDSON, Circuit Judges.*
 RONEY, Chief Judge:
 
 
 1
 The Court took this case in banc to consider the issue of whether a procedural default in this pre-Lockett Florida murder case foreclosed petitioner Lenson A. Hargrave's right to a review of his claim that his death sentence was invalid for failure of the judge and jury to properly consider non-statutory mitigating evidence at the sentencing hearing.
 
 
 2
 The federal district court had denied relief, and a panel of this Court affirmed on the ground there was a state procedural default for which defendant had not shown sufficient cause so that his Lockett claim is barred from review in federal habeas corpus. Hargrave v. Wainwright, 804 F.2d 1182, 1187-90 (11th Cir.1986), reh'g granted and opin. vacated, 809 F.2d 1486 (11th Cir.1987).
 
 
 3
 Whether or not there was a procedural default, we hold that Hargrave showed sufficient cause and prejudice to obtain a review on the merits of his claim under Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). See Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Since there was a failure to meet the constitutional standards required by Lockett in a capital sentencing procedure, we reverse the district court's denial of relief. See Hitchcock v. Dugger, --- U.S. ----, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987).
 
 
 4
 Essentially the Lockett claim is asserted in three parts: first, the jury was not properly instructed that it could consider non-statutory mitigating factors in the sentencing proceeding; second, Hargrave's counsel believed that he was limited to the presentation of statutory mitigating evidence at the sentencing hearing; and third, the sentencing judge and the Supreme Court of Florida did not fully consider non-statutory mitigating circumstances.
 
 
 5
 The panel held that there was a procedural default in presenting this claim to the Florida courts with the following analysis:Petitioner did not object to the court's jury instructions on mitigating circumstances at trial. Nor did petitioner object to those instructions on direct appeal to the Supreme Court of Florida. No objection was made, in fact, until after the Supreme Court issued its opinion affirming petitioner's conviction and sentence; the petitioner raised the issue for the first time in a petition for rehearing.
 
 
 6
 At the time of petitioner's appeal, Rule 3.14(b) of the Florida Appellate Rules (1962) governed the contents of a petition for rehearing: 'The petition for rehearing shall not assume a new ground or position from that taken in the original argument or briefs upon which the cause was submitted....' Thus, an argument could not have been raised for the first time in a petition for rehearing. See Delmonico v. State, 155 So.2d 368 (Fla.1963) (initial presentation of matter on rehearing was improper) (footnote omitted); Leslie Bros. v. Roope, 108 Fla. 289, 148 So. 212 (1933) (supreme court will not on petition for rehearing after affirmance, reopen case to permit presentation of different theory from that adopted below); Price Wise Buying Group v. Nuzum, 343 So.2d 115, 117 (Fla.Dist.Ct.App.1977) (appellate court would not consider an issue raised for first time in petition for rehearing). In this case, the petition for rehearing contained arguments that had been briefed and addressed by the supreme court--for example, whether the trial court erred in sentencing the defendant without the benefit of a presentence investigation report. The petition also contained an argument that had not been briefed or decided by the supreme court--whether the jury was erroneously instructed about mitigating circumstances. Thus, claims that were both procedurally appropriate and inappropriate were raised in the petition.
 
 
 7
 The supreme court summarily denied the petition for rehearing. We read that denial to mean that the supreme court considered the merits of the claims that were properly before it and, in effect, dismissed the jury instruction claim because petitioner failed to comply with the governing rule of appellate procedure; consequently, the court never reached the merits of his jury instruction claim. In essence, petitioner sought another round of appellate review, and the Supreme Court of Florida properly declined to grant that unsanctioned opportunity. We therefore conclude that petitioner committed state procedural default and has foreclosed his right to federal review of his jury instruction claim....
 
 
 8
 Hargrave v. Wainwright, 804 F.2d at 1187-88 (footnotes omitted).
 
 
 9
 While a majority, but not all of the judges of this Court might have been inclined to accept the panel's analysis in this regard, a recent case of the Florida Supreme Court raises a serious doubt as to whether it would now hold there to be a procedural default under the circumstances of this case. Riley v. Wainwright, 517 So.2d 656, 12 F.L.W. 457 (Fla.1987). The Florida Court there held that petitioner Riley, sentenced to death in a pre-Lockett trial, was not procedurally barred from presenting his Lockett claim in state habeas corpus proceedings where the issue had not been previously litigated on direct appeal or in the petitioner's first post-conviction challenge to the sentence.
 
 
 10
 The change in Florida's practice as to asserting a procedural default in cases like this raises the question of the position of the federal court in a case where the Florida courts had enforced a procedural default, but under later law would not.
 
 
 11
 It is not necessary to address this issue here, however, because, unlike the panel, we hold that Hargrave has shown cause for default and actual prejudice sufficient to require a federal review of his constitutional claim on the merits, pursuant to the principles established in Engle v. Issac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
 
 
 12
 In Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984), the Supreme Court held "that where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with acceptable state procedures." In order to establish the novelty of a constitutional claim sufficient to provide cause, a defendant must initially demonstrate that his situation is one where a court has "articulated a constitutional principle that has not been previously recognized but which has been held to have retroactive application." Id. at 17, 104 S.Ct. at 2911.
 
 
 13
 Hargrave was sentenced to death in 1975. Two years later, the Supreme Court held that under the Eighth and Fourteenth Amendments, a sentencer may "not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978). Lockett is the articulation of a constitutional principle that had not been previously recognized by the Supreme Court and this Court has concluded that it is to be retroactively applied. Songer v. Wainwright, 769 F.2d 1488, 1489 (11th Cir.1985) (in banc ), cert. denied, --- U.S. ----, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987).
 
 
 14
 A new retroactive decision must be a sufficiently "clear break with the past," so that an attorney representing the defendant would not reasonably have had the tools for presenting the claim in the state courts. Reed v. Ross, 468 U.S. at 17, 104 S.Ct. at 2910.
 
 
 15
 The panel held that Lockett was not such a clear break from past precedent, but rather was the product of evolving capital punishment law, following logically from earlier Supreme Court decisions. It appears now, however, that Lockett was such a change in the law, and that a successful claim based on exclusion of non-statutory mitigating circumstance was unavailable under federal and Florida law preceding Lockett. While the law was "open" in the sense that no statute or court decision directly foreclosed a Lockett challenge when Hargrave was sentenced and during the pendency of his direct appeal, there is little in the relevant case law to suggest that such a claim would have viability.
 
 
 16
 A review of the federal law available to Hargrave's attorney during trial and direct appeal leads first to Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), a case handed down during the pendency of Hargrave's appeal. In Proffitt, the Supreme Court upheld Florida's death penalty statute and, in so doing, the Court squarely held that a sentencer could not consider non-statutory aggravating circumstances. Proffitt, however, did not suggest that a limitation on mitigating circumstances might be unconstitutional.
 
 
 17
 Indeed, in Proffitt, the Court stated that the decision whether to impose the death penalty "turned upon whether certain statutory aggravating circumstances surrounding the crime outweighed any statutory mitigating circumstances found to exist." 428 U.S. at 246, 96 S.Ct. at 2963. Later, the Court stated that the "trial judge is ... directed to weigh the statutory aggravating and mitigating circumstances when he determines the sentence to be imposed." Id. at 250, 96 S.Ct. at 2965. Also, the Court described the trial court's function as that of weighing "eight aggravating factors against seven mitigating factors." Id. at 251, 96 S.Ct. at 2966.
 
 
 18
 In short, Proffitt contains no direct statement or inference that, as a matter of federal constitutional law, the statutory list of mitigating circumstances should be considered nonexclusive. Proffitt's companion cases shed no light on this issue, see, e.g., Woodson v. North Carolina, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976), and there is a dearth of federal cases decided prior to or during Hargrave's trial and appeal which address Florida's post-Furman capital statute. It is thus fair to state that, at the time of Hargrave's trial and appeal, there were no federal decisions which should have alerted Hargrave's attorney to the possibility of a challenge based on exclusion of non-statutory mitigating circumstances.
 
 
 19
 Nor should Hargrave's attorney have been alerted to the possibility of a Lockett claim by decisions from the Florida courts. In State v. Dixon, 283 So.2d 1 (Fla.1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), the Florida Supreme Court did not explicitly state that the statutory list was exclusive but it treated the statutory mitigating circumstances as if they were the only factors which could be considered. After Dixon, the Florida courts continued to treat the statutory list of mitigating factors as exclusive without explicitly so holding. See, e.g., Alford v. State, 307 So.2d 433, 444 (Fla.1975), cert. denied, 428 U.S. 912, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976); Songer v. State, 322 So.2d 481, 484 (Fla.1975), vacated on other grounds, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977).
 
 
 20
 Finally, in Cooper v. State, 336 So.2d 1133 (Fla.1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977), decided during the pendency of Hargrave's appeal, the Supreme Court of Florida seemed to make explicit the exclusivity of the statutory mitigating factors suggested by Dixon, Alford and Songer. The Supreme Court of Florida stated that the only factors relevant to sentencing under the Florida statute were the statutory aggravating and mitigating circumstances:
 
 
 21
 The sole issue in a sentencing hearing under Section 921.141, Florida Statutes (1975), is to examine in each case the itemized aggravating and mitigating circumstances. Evidence concerning other matters have no place in that proceeding any more than purely speculative matters calculated to influence the sentence through emotional appeal. Such evidence threatens the proceeding with the undisciplined discretion condemned in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
 
 
 22
 336 So.2d at 1139 (footnote omitted).
 
 
 23
 The court in Cooper accompanied the text above with the following footnote:
 
 
 24
 The legislative intent to avoid condemned arbitrariness pervades the statute. Section 921.141(2) requires the jury to render its advisory sentence "upon the following matters: (a) Whether sufficient aggravating circumstances exist as enumerated in subsection (6); (b) Whether sufficient mitigating circumstances exist as enumerated in subsection (7), which outweigh the aggravating circumstances found to exist...." (Emphasis added). This limitation is repeated in Section 921.141(3), governing the trial court's decision on the penalty. Both sections 921.141(6) and 921.141(7) begin with words of mandatory limitation. This may appear to be narrowly harsh, but under Furman undisciplined discretion is abhorrent whether operating for or against the death penalty.
 
 
 25
 336 So.2d at 1139 n. 7 (emphasis in original). The court went on to hold:
 
 
 26
 In any event, the Legislature chose to list the mitigating circumstances which it judged to be reliable for determining the appropriateness of the death penalty for "the most aggravated and unmitigated of serious crimes," and we are not free to expand the list.
 
 
 27
 336 So.2d at 1139 (footnote omitted).
 
 
 28
 After Lockett, the Florida Supreme Court in explaining its prior decisions, appeared to modify its earlier rulings regarding the exclusivity of the statutory factors. It concluded that the introduction of non-statutory mitigating evidence had never been precluded in Florida. Songer v. State, 365 So.2d 696, 700 (Fla.1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979). That court has acknowledged, however, that its law could have been misconstrued.
 
 
 29
 In light of these developments in the law, both state and federal, this Court has previously recognized the practical unavailability of a Lockett claim at the very time at issue in this case. This Court has described Lockett as a "direct reversal" of Florida mitigating circumstances law, Ford v. Strickland, 696 F.2d 804, 812 (11th Cir.) (in banc ), cert. denied, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983), and expressly held, with regard to a 1975 trial:
 
 
 30
 [The] trial occurred in 1975, one year before Cooper and three years before Lockett. It would be difficult to characterize the Lockett claim as "available" during petitioner's trial....
 
 
 31
 Foster v. Strickland, 707 F.2d 1339, 1347 (11th Cir.1983), cert. denied, 466 U.S. 993, 104 S.Ct. 2375, 80 L.Ed.2d 847 (1984); see Sullivan v. Wainwright, 695 F.2d 1306, 1311 (11th Cir.), cert. denied, 464 U.S. 922, 104 S.Ct. 290, 78 L.Ed.2d 266 (1983).
 
 
 32
 At the time Hargrave filed his appellate brief in state court, Cooper was prevailing precedent. As this Court has noted on several occasions, Cooper could be construed to be directly contrary to the United States Supreme Court's later decision in Lockett. See Proffitt v. Wainwright, 685 F.2d 1227, 1238 n. 18 (11th Cir.1982), cert. denied, 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983); Ford v. Strickland, 696 F.2d 804, 812 (11th Cir.) (in banc ), cert. denied, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983). Since Hargrave "lacked the tools to construct [his] constitutional claim," Engle, 456 U.S. at 133, 102 S.Ct. at 1574, his failure to object to the judge's consideration only of statutory mitigating circumstances at the sentencing hearing and on appeal to the Florida Supreme Court must be excused. We thus conclude that Hargrave had cause for his default.
 
 
 33
 We also hold that Hargrave would suffer actual prejudice if his Lockett claim were found to be procedurally barred. The State argues that Hargrave cannot establish prejudice because claims such as his have been rejected many times by this Court, citing Johnson v. Wainwright, 806 F.2d 1479 (11th Cir.1986); Straight v. Wainwright, 772 F.2d 674 (11th Cir.1985), cert. denied, 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 903 (1986); Songer v. Wainwright, 769 F.2d 1488 (11th Cir.1985) (in banc ), cert. denied, --- U.S. ----, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987); Thomas v. Wainwright, 767 F.2d 738 (11th Cir.1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986); Francois v. Wainwright, 763 F.2d 1188 (11th Cir.1985); Palmes v. Wainwright, 725 F.2d 1511 (11th Cir.), cert. denied, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984); Alvord v. Wainwright, 725 F.2d 1282 (11th Cir.), cert. denied, 469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984); Dobbert v. Strickland, 718 F.2d 1518 (11th Cir.1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984); Shriner v. Wainwright, 715 F.2d 1452 (11th Cir.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1328, 79 L.Ed.2d 723 (1984); Foster v. Strickland, 707 F.2d 1339 (11th Cir.1983), cert. denied, 466 U.S. 993, 104 S.Ct. 2375, 80 L.Ed.2d 847 (1984); Antone v. Strickland, 706 F.2d 1534 (11th Cir.1983); Booker v. Wainwright, 703 F.2d 1251 (11th Cir.), cert. denied, 464 U.S. 922, 104 S.Ct. 290, 78 L.Ed.2d 266 (1983); Ford v. Strickland, 696 F.2d 804 (11th Cir.) (in banc ), cert. denied, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983).
 
 
 34
 Since these decisions were rendered, however, the United States Supreme Court handed down its decision in Hitchcock v. Dugger, --- U.S. ----, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). In this case, the Supreme Court overturned a death sentence imposed on a Florida defendant based on a Lockett claim similar to Hargrave's. Hitchcock has breathed new vitality into claims based on the exclusion of non-statutory mitigating factors, and Hargrave would be prejudiced if he were not now allowed to raise such a claim.
 
 
 35
 Hargrave is thus entitled to have his Lockett claim heard on the merits. The outcome of a pre-Lockett case concerning a Lockett claim should be determined by matching the record in the case under consideration with the Hitchcock record. Indeed, this is the method the Florida Supreme Court has used to set aside a death sentence previously affirmed on a Lockett claim. Thompson v. Dugger, 515 So.2d 173 (Fla.1987) (granting relief on Lockett claim after denial of relief affirmed in both Thompson v. State, 410 So.2d 500 (Fla.1982) and Thompson v. Wainwright, 787 F.2d 1447 (11th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1986, 95 L.Ed.2d 825 (1987)).
 
 
 36
 Looking at the record in the instant case, it is clear that this case is so similar to Hitchcock that the cases must reach the same result.
 
 
 37
 The Court in Hitchcock held that the record reflected a Lockett violation because:[T]he members of the jury were told by the trial judge that he would instruct them 'on the factors in aggravation and mitigation that you may consider under our law.' He then instructed them that '[t]he mitigating circumstances which you may consider shall be the following ...' (listing the statutory mitigating circumstances).
 
 
 38
 107 S.Ct. at 1824 (citations omitted).
 
 
 39
 In Hargrave as in Hitchcock, some evidence in mitigation which did not fit within the confines of the Florida Statute, such as petitioner's steady employment, below-average intelligence, and history of drug abuse, was introduced at the sentencing hearing. Two expert witnesses who testified at the hearing, while differing as to whether petitioner's mental condition satisfied the statutory mitigating circumstances, did agree that petitioner suffered from a significant degree of mental and emotional impairment.
 
 
 40
 The trial court in this case, as in Hitchcock, instructed the jury that "[t]he mitigating circumstances which you may consider, if established by the evidence, are as follows ...," whereupon the court read the mitigating circumstances in the statutory language.
 
 
 41
 The Supreme Court in Hitchcock further noted that the trial judge, in imposing sentence, expressly weighed only those mitigating factors enumerated in the death penalty statute:
 
 
 42
 [T]he sentencing judge found that 'there [were] insufficient mitigating circumstances as enumerated in Florida Statute 921.141(6) to outweigh the aggravating circumstances.' He described the process by which he reached his sentencing judgment as follows: 'In determining whether the defendant should be sentenced to death or life imprisonment, this Court is mandated to apply the facts to certain enumerated "aggravating" and "mitigating" circumstances.'
 
 
 43
 107 S.Ct. at 1824. (record citations omitted; emphasis in original).
 
 
 44
 Based upon these facts, the Court held that the sentencing proceeding in Hitchcock had not complied with the Lockett mandate:
 
 
 45
 We think it could not be clearer that the advisory jury was instructed not to consider, and the sentencing judge refused to consider, evidence of nonstatutory mitigating circumstances, and that the proceedings therefore did not comport with the requirements of Skipper v. South Carolina, 476 U.S. 1 [106 S.Ct. 1669, 90 L.Ed.2d 1] (1986), Eddings v. Oklahoma, 455 U.S. 104 [102 S.Ct. 869, 71 L.Ed.2d 1] (1982), and Lockett v. Ohio, 438 U.S. 586 [98 S.Ct. 2954, 57 L.Ed.2d 973] (1978) (plurality opinion).
 
 
 46
 Id.
 
 
 47
 The instruction in Hitchcock is similar to the judge's instruction during jury selection in Hargrave. The trial court in Hargrave described its role as follows:
 
 
 48
 The law sets forth certain factors which the jury must take into consideration, and at that stage of the proceedings, the court supplies the jury orally and in writing with what are called aggravating circumstances which are listed in the law and mitigating circumstances, certain other circumstances that are listed in the law. (Emphasis supplied).
 
 
 49
 At the conclusion of the penalty phase of the trial, the court instructed the jury that "[y]our verdict must be based upon your finding of whether sufficient aggravating circumstances exist which outweigh any mitigating circumstances found to exist."
 
 
 50
 There is other evidence in this case that the jury and sentencing judge limited their consideration of mitigating circumstances to those enumerated in the statute. When counsel for Hargrave requested a presentence investigation after the jury returned its death recommendation, the court, while deferring its ruling, noted that "there is very little if any of the ordinary presentence report that would be relevant to what the jury and the Court are supposed to consider in this matter concerning mitigating and aggravating circumstances." In response to counsel's subsequent request at sentencing for a presentence report, the prosecutor argued that the court "was bound by the criteria outlined in the statute as to the aggravating and mitigating circumstances," and that a presentence investigation "would not serve any purpose, because I don't believe the Court can go outside of those criteria." The court accepted this argument, ruling it could consider only "certain factors" in sentencing petitioner, as to which a presentence report would be irrelevant.
 
 
 51
 The court rejected the applicability of Section 921.141(6)(f) of the Florida Statutes which provided as a mitigating circumstance that "[t]he capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired." The court found that the evidence established only "impairment" which did not satisfy the statutory standard:
 
 
 52
 ... [A]lthough there is some evidence of a personality defect in the defendant and some possibility of an impaired capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law, the Court finds that such capacity was not substantially impaired.... It may be, as alleged by the defense, that there could be some doubt as to whether the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired to some degree. There is no doubt that the defendant has a history of mental abnormalities which may yet be affecting the defendant; however, it is the finding of the Court that such abnormalities only constitute a personality defect. A great number, possibly a majority of all persons who commit crimes, also have this or a similar type of personality defect. (Emphasis added).
 
 
 53
 The court stated its belief that the Florida Statute had established "certain standards to be considered by the jury and the Court," and that "the object of it was to eliminate as much as possible the individualistic characteristics and personalities of the various defendants ... so that the jury and the Court would render an opinion and finding that was based upon standards."
 
 
 54
 The Florida Supreme Court in its review of the trial court decision indicated that the trial judge was limited to those mitigating circumstances enumerated in the statute. The court stated:
 
 
 55
 It is apparent, then, that the trial judge did not ignore or fail to consider the psychological evidence bearing on mitigation. Obviously, he and the jury were not persuaded that it provided a sound basis for establishment of the statutory mitigating circumstances.
 
 
 56
 Hargrave v. State, 366 So.2d 1 (Fla.1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979).
 
 
 57
 The totality of the circumstances reflect that as in Hitchcock, Hargrave's sentencing proceedings did not comport with Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). We therefore reverse and remand to the district court with instructions to enter an order granting the application for a writ of habeas corpus, unless the State within a reasonable period of time either resentences Hargrave in a proceeding that comports with the requirements of Lockett or vacates the death sentence and imposes a lesser sentence consistent with law. See Hitchcock, 107 S.Ct. at 1824-25.
 
 
 58
 REVERSED and REMANDED.
 
 TJOFLAT, Circuit Judge, specially concurring:
 
 59
 After the panel issued its opinion in this case, the Supreme Court rendered its decision in Hitchcock v. Dugger, --- U.S. ----, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). I agree with the majority that the petitioner has established a Lockett violation under Hitchcock. However, I write separately for two reasons. First, I am concerned that Hitchcock is susceptible to a misreading that would work a drastic change in the way we approach state procedural default issues in habeas cases. Second, I disagree with the analysis the majority uses to reach the merits of the Lockett claim.I.
 
 
 60
 Hitchcock, like the present case, involved a pre-Lockett death sentence under the Florida death penalty statute.[1] During the sentencing phase of Hitchcock's trial before the advisory jury, Hitchcock's counsel presented evidence of both statutory and nonstatutory mitigating circumstances. At the conclusion of that phase, the court instructed the advisory jury that it could consider statutory mitigating circumstances, but did not instruct the jury whether it could consider nonstatutory mitigating circumstances. The jury recommended the death sentence, and the court accepted that recommendation. In imposing the death sentence, the court did not indicate in its findings whether it had considered nonstatutory mitigating circumstances. The court stated only that "there [were] insufficient mitigating circumstances as enumerated in Florida Statute 921.141(6) to outweigh the aggravating circumstances." At no time during the sentencing process did Hitchcock object to the court's treatment of nonstatutory mitigating circumstances.
 
 
 61
 In Florida, a defendant must make a contemporaneous objection to infirmities in the sentencing process in order to preserve the issue for appellate review.[2] In other words, a defendant who fails to make a contemporaneous objection has committed a state procedural default. For sound policy reasons, federal courts give effect to such state procedural defaults on habeas review.[3] Thus, if a habeas petitioner has committed state procedural default as to a particular objection, a federal court will not review the claim unless the petitioner establishes cause for the default and actual prejudice from the alleged constitutional violation. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
 
 
 62
 In Hitchcock, however, the Supreme Court reviewed the petitioner's Lockett claim notwithstanding his failure to make a contemporaneous objection during the sentencing process. The Court did so without even mentioning the Sykes "cause and prejudice" standard. One might therefore conclude upon reading Hitchcock that we are now required in habeas cases to disregard state procedural default rules and to scrutinize the record in each case for plain error, at least with respect to Lockett claims involving pre-Lockett sentences. A close examination of the procedural history of Hitchcock reveals, however, that the Supreme Court's decision in that case requires no such departure from settled principles in this area.
 
 
 63
 Although Hitchcock's counsel made no contemporaneous objection to the sentencing judge's treatment of nonstatutory mitigating circumstances, Hitchcock argued on direct appeal that he had been improperly limited in presenting mitigating evidence. Finding that this contention was without merit, the Florida Supreme Court stated that "[t]here is nothing in the record indicating that the trial judge limited the defense's presentation." Hitchcock v. State, 413 So.2d 741, 748 (Fla.1982). Hitchcock then moved the trial judge to vacate the judgment and sentence under Fla.R.Crim.P. 3.850; the judge denied the motion and the supreme court affirmed. In its opinion affirming the denial of the motion to vacate, the supreme court elaborated upon precisely what matters it had considered in Hitchcock's direct appeal:
 
 
 64
 [o]n direct appeal Hitchcock's counsel argued that presentation and consideration of mitigating evidence had been improperly limited and cited both Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and Cooper v. State, 336 So.2d 1133 (Fla.1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977).... The record conclusively demonstrates, therefore, that the limitation on mitigating evidence issue has been raised previously, has been fully considered, and has been found to be without merit.
 
 
 65
 Hitchcock v. State, 432 So.2d 42, 43 (Fla. 1983).
 
 
 66
 On direct appeal, then, the Florida Supreme Court had reviewed Hitchcock's Lockett claim notwithstanding his failure to object during the sentencing process to the judge's treatment of nonstatutory mitigating circumstances. Since the Florida Supreme Court would have otherwise applied the contemporaneous objection rule to bar consideration of Hitchcock's present challenge, we must infer that in this particular case the court elected to examine the record for plain error with respect to the Lockett claim.[4]
 
 
 67
 The Florida Supreme Court having thus passed on the constitutional issue, nothing in habeas corpus jurisprudence constrained the United States Supreme Court from addressing the merits of that issue on habeas review. Procedural default simply was not an issue before the Supreme Court. It would therefore run counter to logic to conclude that the Supreme Court's review of Hitchcock's Lockett claim signals a departure from the treatment of state procedural default prescribed by Sykes. Thus, should the courts of a state elect to enforce a procedural default rule so as to foreclose review of Lockett claims, nothing in Hitchcock prevents a federal habeas court from vindicating such state court policy by applying the Sykes rationale.
 
 II.
 
 68
 Although I agree that the petitioner has established a Lockett violation in light of Hitchcock, I disagree with the analysis the majority uses to reach the merits of the Lockett claim. The majority concludes that "[w]hether or not there was a procedural default, we hold that Hargrave showed sufficient cause and prejudice to obtain review on the merits of his claim under Lockett v. Ohio." Ante at 1529. In light of Florida Supreme Court decisions rendered after the panel issued its opinion in this case, it has become clear to me that the Florida courts have decided that they will no longer apply procedural default to bar review of claims like those Hargrave has asserted. Rather than engage in a needless and unwarranted application of the cause and prejudice analysis, we should simply honor the determination of the Florida courts that their procedural default rule is not worthy of vindication in this class of cases and proceed directly to the merits of Hargrave's claim.
 
 
 69
 As the majority notes, this case was taken en banc principally to reconsider the panel's holding that Hargrave had committed state procedural default with respect to his Lockett claim. Because I believe that the analysis of this case properly turns on resolution of that issue, I feel that it is appropriate to review the panel's opinion and subsequent developments pertinent to the procedural default question.
 
 
 70
 In his appeal from the federal district court's denial of his petition for writ of habeas corpus, Hargrave presented a three-part Lockett claim. He argued that his eighth amendment right against cruel and unusual punishment had been violated because (1) the advisory jury that recommended his death sentence had not been instructed that it could consider nonstatutory mitigating factors, (2) his counsel believed that he was limited to presenting nonstatutory mitigating evidence at the sentencing proceeding, and (3) the sentencing judge and Florida Supreme Court had not fully considered nonstatutory mitigating circumstances.
 
 
 71
 The panel concluded that Hargrave had committed state procedural defaults as to all three components of his claim. Hargrave v. Wainwright, 804 F.2d 1182, 1187-89 (11th Cir.1986). Hargrave had raised the jury instruction claim for the first time in a petition for rehearing, which the Florida Supreme Court summarily denied. Noting that Florida appellate rules prohibited consideration of issues raised for the first time in a petition for rehearing,[5] the panel inferred that the jury instruction claim had been dismissed on procedural default grounds.
 
 
 72
 The second and third components of Hargrave's Lockett claim were first raised in a supplemental brief filed in connection with Hargrave's direct appeal from his conviction and sentence. In affirming the conviction and sentence, the Florida Supreme Court neither acknowledged nor addressed the arguments raised in the supplemental brief. Noting that Florida appellate rules disallowed submission of supplemental briefs "except by special order of the appellate court,"[6] and that the supreme court had not entered a special order permitting Hargrave to submit a supplemental brief, the panel inferred that the supreme court had regarded the brief as a nullity and had not considered the claims contained therein in its disposition of the direct appeal. The claims were later included, along with the jury instruction claim, in the petition for rehearing which the supreme court summarily denied. The panel concluded that those claims, like the jury instruction claim, had been rejected on procedural default grounds.
 
 
 73
 Having found a state procedural default as to all three components of Hargrave's Lockett claim, the panel then applied the test for determining whether Hargrave had thereby foreclosed his right to federal habeas review. Under Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), one who commits state procedural default will not be accorded federal habeas review unless he can show cause for the default and actual prejudice resulting from the alleged constitutional violation. Relying on Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984), which holds that cause exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel," Hargrave argued before the panel that he had cause for the default because Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), the case upon which he based his constitutional challenge, had not been decided until three years after his trial. The panel rejected this argument, finding that the state of the law at the time of Hargrave's trial and appeal offered a reasonable basis upon which to make the constitutional challenge. Having thus concluded that cause was absent, the panel did not reach the prejudice issue, and it affirmed the district court's denial of Hargrave's petition for writ of habeas corpus.
 
 
 74
 After the panel issued its opinion and while rehearing en banc was pending, the Florida Supreme Court decided a series of cases in which individuals sentenced under the Florida death penalty statute had collaterally attacked their sentences alleging Lockett violations. See Thompson v. Dugger, 515 So.2d 173 (Fla.1987); Downs v. Dugger, 514 So.2d 1069 (Fla. 1987); Riley v. Wainwright, 517 So.2d 656 (Fla.1987); McCrae v. Florida, 510 So.2d 874 (Fla.1987). In each of these cases, the Florida Supreme Court reached the merits of the petitioner's Lockett claim, notwithstanding the petitioner's failure to raise the claim on direct appeal.[7] With respect to this narrow class of Lockett claims, then, it has become clear to me that the Florida Supreme Court will not apply procedural default to bar collateral review in state court.
 
 
 75
 In federal habeas cases where a state court has in a prior proceeding entertained a constitutional claim notwithstanding the petitioner's commission of a procedural default, we have disregarded the default and proceeded directly to the merits of the particular claim. See Campbell v. Wainwright, 738 F.2d 1573, 1576-77 (11th Cir.1984), cert. denied, 475 U.S. 1126, 106 S.Ct. 1652, 90 L.Ed.2d 195 (1986); Rogers v. McMullen, 673 F.2d 1185, 1188 (11th Cir.1982), cert. denied, 459 U.S. 1110, 103 S.Ct. 740, 74 L.Ed.2d 961 (1983); see also Dobbert v. Strickland, 718 F.2d 1518, 1524 (11th Cir.1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984). That approach makes eminent sense in light of the underlying rationale for applying state procedural default rules in federal habeas proceedings. Such rules are applied out of respect for the integrity of the state court system. See Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). We show no disrespect by disregarding a procedural default rule when that rule has not been enforced in state court, for "[w]hen a state court decides a constitutional question, even though it does not have to, it necessarily holds that the policies underpinning its procedural rule are unworthy of vindication under the particular circumstances of the case before it." Cooper v. Wainwright, 807 F.2d 881, 886-87 (11th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 2183, 95 L.Ed.2d 839 (1987).
 
 
 76
 I see no reason for taking a different approach in this case. Although the Florida attorney general argued in his brief that federal habeas review was barred on procedural default grounds, the Florida Supreme Court has since clearly indicated that it does not want its procedural default rule enforced so as to defeat review of Lockett claims. The state supreme court, not the attorney general, is the authoritative speaker for the interests of the state court system. See Darden v. Wainwright, 725 F.2d 1526 (11th Cir.) (en banc) (Tjoflat, J., dissenting), cert. denied, 467 U.S. 1230, 104 S.Ct. 2688, 81 L.Ed.2d 882 (1984). As the Supreme Court has stated, "if ... the state courts [do not] indicate that a federal constitutional claim is barred by some state procedural rule, a federal court implies no disrespect for the State by entertaining the claim." County Court of Ulster County v. Allen, 442 U.S. 140, 154, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979). Therefore, since the Florida courts have affirmatively indicated that they will not apply procedural default to Lockett claims, we would show no disrespect by proceeding directly to the merits of Hargrave's claim.
 
 
 
 *
 Honorable John C. Godbold and Honorable Joseph W. Hatchett did not participate in the consideration of this case
 
 
 [1]
 These claims arise because Lockett has retroactive application. See Songer v. Wainwright, 769 F.2d 1488, 1489 (11th Cir.1985) (en banc), cert. denied, --- U.S. ----, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987)
 
 
 [2]
 Florida courts have consistently held that errors are waived unless timely raised in the trial court. See, e.g., Clark v. State, 363 So.2d 331, 333 (Fla.1978). The Florida Rules of Criminal Procedure specifically provide that "[n]o party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict." Fla.R.Crim.P. 3.390(d) (1975)
 Florida appellate courts do not apply the contemporaneous objection rule where the sentencing court has failed to comply with statutory sentencing guidelines. See State v. Rhoden, 448 So.2d 1013 (Fla.1984). This exception to the contemporaneous objection rule is not relevant here, since the court fully complied with the statutory sentencing requirements.
 
 
 [3]
 State procedural rules serve several salutary purposes. Among other things, they "enable the state trial and appellate courts to deal with a litigant's objections at the most ideal moment, when the issue is fresh and the least onerous and costly remedy is available." Blake v. Kemp, 758 F.2d 523, 547 (11th Cir.1985) (Tjoflat, J., dissenting)
 
 
 [4]
 Florida courts will not enforce the contemporary objection rule if they notice "fundamental error." See Clark v. State, 363 So.2d 331, 333 (Fla.1978). Fundamental error is "error which goes to the foundation of the case or goes to the merits of the cause of action." Id
 
 
 [5]
 Fla.App. Rule 3.14(b) (1962). See Delmonico v. State, 155 So.2d 368, 369 (Fla.1963); Leslie Bros. v. Roope, 108 Fla. 289, 148 So. 212, 212 (1933); Price Wise Buying Group v. Nuzum, 343 So.2d 115, 117 (Fla.Dist.Ct.App.1977)
 
 
 [6]
 Fla.App. Rule 3.7(d) (1962)
 
 
 [7]
 The supreme court has apparently concluded that it is required by United States Supreme Court's decision in Hitchcock to entertain these claims. The supreme court seems to have concluded that Hitchcock forecloses application of Florida's procedural default rules to this class of claims. Apparently, the supreme court has adopted the misreading of Hitchcock to which I averted in part I of this opinion. For purposes of determining whether we should proceed directly to the merits of the Lockett claim in this case, however, it does not matter why the Florida courts have decided not to enforce their procedural default rules in this class of cases; it only matters that they have in fact clearly made the decision to do so