Raymond R. STONE,
Petitioner–Appellant,

v.

Richard L. DUGGER, Tom Barton,
Respondents–Appellees.

No. 86–3644.

United States Court of Appeals,
Eleventh Circuit.

Feb. 5, 1988.

Mark Evan Olive, Office of Capital Collateral Representative, Tallahassee, Fla., Donald M. Middlebrooks, Steel, Hector & Davis, Miami, Fla., for petitioner-appellant.

Jim Smith, Atty. Gen., of Florida, Dept. of Legal Affairs, John Tiedemann, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellees.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Petitioner, Raymond R. Stone, appeals from a decision of the United States District Court for the Middle District of Florida denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. sec. 2254. Stone contends that he received ineffective assistance of counsel during the guilt and sentencing phases of his trial. Also, Stone argues that his sentencing hearing was constitutionally defective because the jury was not instructed that it could consider nonstatutory mitigating factors when rendering its advisory opinion and the sentencing judge limited his own consideration to those factors listed in Florida's capital sentencing statute when imposing the death penalty.[1] For the following reasons, we affirm the decision of the district court denying Stone any relief as to his conviction but hold that he is entitled to resentencing.

Stone contends that the advisory jury which recommended the death penalty was instructed to consider only statutory mitigating evidence. This action, Stone argues, deprived him of the individualized sentencing determination required by the eighth amendment in *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Eddings v. Oklahoma,* 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); *Hitchcock v. Dugger,* —— U.S. ——, 107 U.S. 1821, 95 L.Ed.2d 347 (1987); *Messer v. Florida,* 834 F.2d 890 (11th Cir.1987); *Hargrave v. Dugger,* 832 F.2d 1528 (11th Cir. 1987) (en banc); *Magill v. Dugger,* 824 F.2d 879 (11th Cir.1987). The district court determined that because this issue had not been raised on his direct appeal from his conviction and sentencing, Stone had procedurally defaulted this claim; thus the claim was barred from federal habeas review because Stone could not demonstrate "cause" and "prejudice" for failing to raise this issue. *See generally Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977).

Stone is entitled to have his *Lockett* claim heard on the merits. *See Hargrave,* 832 F.2d at 1530–31. In light of *Hitchcock,* —— U.S. ——, 107 U.S. 1821, 95 L.Ed.2d

---

1. In a footnote to his brief, Stone contends that he does not wish to abandon the following claims denied by the district court in his habeas petition: Claim II—that the state withheld exculpatory material; Claim III—that his confessions were obtained in violation of the sixth amendment; Claim VI—that the sentencing jury was instructed that its obligation was merely to balance mitigating and aggravating factors; and Claim VII—that the statutory aggravating factor "especially heinous, atrocious, or cruel" is unconstitutional. Believing the district court's ruling in respect to claims II, III and VII is correct, we affirm. In respect to claim VI, we decline to rule on this claim because our decision to remand for resentencing renders this issue moot.

347, Stone is entitled to another sentencing hearing: the record indicates that both the judge and the jury believed themselves to be limited to considering only statutory mitigating factors in respect to fixing sentence.

Because of our disposition of this case, we need not address Stone's claim of whether he was deprived of effective assistance of counsel during his sentencing proceeding. Any claim of ineffectiveness is mooted by our granting a new sentencing hearing.

■ Stone makes some conclusory allegations that the guilt phase of his trial was constitutionally deficient because the assistant public defender who represented him was young, had recently graduated from law school, and had not previously tried a capital case. This situation, Stone argues, was aggravated by the fact that his attorney was overworked and that his attorney was neither assisted nor supervised by the Public Defender. The combination of these factors, according to Stone, constituted ineffective assistance of counsel, sufficient to warrant a legal presumption that he was prejudiced. Petitioner relies on *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

The Supreme Court articulated a general test in regard to what constitutes a sixth amendment ineffective assistance claim in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test consists of two components: (1) counsel's representation must have fallen below "an objective standard of reasonableness," *id.* at 696, 104 S.Ct. at 2068, and (2) the defendant must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695, 104 S.Ct. at 2068. Furthermore, a defendant must satisfy both the performance and prejudice prongs to demonstrate successfully an ineffective assistance claim. *Id.* at 698, 104 S.Ct. at 2069.

*Cronic*, however, can offer a means of challenging a lawyer's overall performance. "*Cronic* represents a narrow exception which the Supreme Court has carved out of the general rule that a petitioner claiming ineffective assistance of counsel must demonstrate that he was prejudiced by specific alleged errors in his counsel's performance. *Consequently, the burden of proof under Cronic is a very heavy one.*" *Smith v. Wainwright*, 777 F.2d 609, 620 (11th Cir.1985) (emphasis added) (citing *Chadwick v. Green*, 740 F.2d 897, 900 (11th Cir.1984)).

Comparing *Cronic* to Stone's conviction is made easier by the fact that *Cronic* was a complex criminal case in which a defendant was represented by a young court appointed real estate attorney who had never tried a jury case. In rejecting Cronic's claim that his attorney's youth and inexperience warranted a presumption of prejudice, the Supreme Court stated that, "[e]very experienced criminal defense attorney once tried his first criminal case." 466 U.S. at 666, 104 S.Ct. at 2050. In the instant case, Stone's contention is even less compelling than the defendant's in *Cronic* because Stone's attorney had previously handled other felony jury trials. Moreover, a review of the trial transcript reveals that Stone's counsel subjected the state's witnesses to meaningful cross examination and otherwise satisfies us that there was not a "fundamental breakdown of the adversarial process" sufficient to justify a presumption that Stone was prejudiced in respect to his guilt or innocence. *See generally Chadwick*, 740 F.2d at 900–01. Of course, even in capital felony cases defendants have no legal right to the very best counsel.

Because we conclude that Stone's *Lockett* claim is meritorious, we REVERSE and REMAND to the district court with instructions to enter an order granting the application for a writ of habeas corpus unless the State of Florida provides Stone, within a reasonable period of time, a sentencing proceeding that comports with the requirements of *Lockett* or vacates the death sentence and imposes a lesser sentence consistent with law. *See Hargrave*, at 1535 (citing *Hitchcock*, —— U.S. at ——, 107 S.Ct. at 1824–25).