26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John STICK, Petitioner-Appellant,
v.
William HUSTON, Warden; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 93-15550.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1994.*
Decided May 25, 1994.
 
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Stick petitions for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Stick was convicted by Arizona juries in two proceedings: first, for theft and burglary at the Maverick Bar in Yuma, Arizona; and, second, for thefts and burglaries at three other taverns. The district court denied the petition, and Stick timely appealed. We affirm.
 
 
 3
 * Stick contends that he was denied the effective assistance of counsel during his two trials. The district court rejected this claim, finding that Stick had failed to establish prejudice as required by Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 4
 We agree with the district court. Although a habeas petitioner can be excused from demonstrating prejudice where his or her attorney failed to subject the prosecution's case to meaningful adversarial testing, United States v. Cronic, 466 U.S. 648, 659 (1983); United States v. Swanson, 943 F.2d 1070 (9th Cir.1991), Stick does not qualify for this exception. Unlike the attorney in Swanson, Stick's attorney never abandoned Stick at a crucial moment at trial, either by conceding the government's case or otherwise.
 
 
 5
 In this regard, we disagree with the magistrate judge's conclusion that Stick's attorney failed to test the prosecution's case in Stick's two trials. Stick admittedly received poor representation. His counsel's performance was not so deficient, however, as to constitute a complete absence of counsel. Harding v. Lewis, 834 F.2d 853, 859 (9th Cir.1987), cert. denied, 488 U.S. 871 (1988). An attorney need only cross-examine the State's witnesses to rise above this low standard. See, e.g., Coogan v. McCaughtry, 958 F.2d 793, 799 (7th Cir.), cert. denied, 113 S.Ct. 495 (1992); United States v. Morrison, 946 F.2d 484, 500 n. 3 (7th Cir.1991); Stone v. Dugger, 837 F.2d 1477, 1479 (11th Cir.1988), cert. denied, 489 U.S. 1071 (1989). In the Maverick Bar trial, Stick's attorney cross-examined the prosecution's most important witness, Officer Elkins, who was the officer that saw Stick leaving the Maverick Bar. Seeking to impeach Officer Elkins' credibility, the attorney questioned him to determine whether he had seen anyone else near the back door of the Maverick Bar around the time he saw Stick or whether he had seen Stick exit the back door. The attorney also cross-examined several of the prosecution's witnesses in Stick's second trial, again seeking to impeach their credibility. For example, the attorney questioned Ken Gunderman, a witness in the Moose Lodge robbery, to create doubt as to the reliability of Gunderman's memory. Given these attempts to weaken the prosecution's cases in both trials, we cannot say that the cases were subjected to no meaningful adversarial testing.
 
 II
 
 6
 Stick asserts that the state trial court improperly used a 1963 manslaughter conviction to enhance his sentence. Stick contends that the enhancement was improper under Arizona's sentencing statute.
 
 
 7
 "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 112 S.Ct. 475 480 (1992). Stick's attack of his sentence concerns an interpretation of Arizona's sentencing statute. It thus is not cognizable on habeas review. Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993).
 
 III
 
 8
 Stick asserts that the trial judge in the second trial was biased because, in the first trial, he ruled that Stick had two prior felony convictions and enhanced his sentence accordingly. This claim lacks merit. A judge's adverse rulings, without more, do not render him or her biased. McCalden v. California Library Ass'n, 955 F.2d 1214, 1224 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3